CC-98-797                                          1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| L.P.C. & D., Inc.<br>    Recurrido<br><br>       v.<br><br>Autoridad de Carreteras y<br>Transportación y otros<br>    Recurridos<br><br>ICA Miramar Corp.<br>    Peticionaria | Certiorari<br><br>99 TSPR 185 |

Número del Caso: CC-1998-0797/CC-1998-0832 Consolidados

Fecha: 27/12/1999

Tribunal de Circuito de Apelaciones: Circuito Regional II

Panel Integrado por: Hon. Liana Fiol Matta
                     Hon. Gierbolini Rodríguez
                     Hon. Soler Aquino

Abogado de ICA Miramar Corp.: Lcdo. Víctor Maldonado Gómez

Abogado de L.P.C. & D., Inc.: Lcdo. Angel R. Pagán Ocasio

Abogados de la Autoridad de Carreteras: Lcdo. Melvin E.
Maldonado Colón
                                        Lcdo. Luis A. Rivera
Cabrera
                                        Lcda. Eileen
Quintana Guerrero

Materia: Revisión de Decisión de Agencia Administrativa

     Este documento constituye un documento oficial del
     Tribunal Supremo que está sujeto a los cambios y
     correciones del proceso de compilación y
     publicación oficial de las decisiones del
     Tribunal. Su distribución electrónica se hace como
     un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

L.P.C. & D. Inc.
    Demandante y Recurrida

    v.                                                CC-98-797
        Certiorari
                                                      CC-98-832
Autoridad de Carreteras
y Transportación y otros
    Demandados Recurridos

ICA Miramar Corp.
    Peticionaria

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 27 de diciembre de 1999.

Hoy nos toca resolver cómo ha de ser la notificación a las partes perdidosas en un procedimiento de adjudicación de subasta. Por entender que la notificación debe ser fundamentada, ya que esto posibilita que la parte adversamente afectada pueda ejercitar efectivamente su derecho a la revisión judicial, confirmamos.

I

A principios de 1998, la Junta de Subastas de la Autoridad de Carreteras y Transportación (en adelante Junta) anunció que habría de recibir propuestas, previa celebración de subasta pública, para la construcción de la Avenida                     Río                     Hondo,

Carretera 5, desde la P.R.-174 hasta la Avenida Los Millones del Municipio de Bayamón.

Entre las propuestas recibidas por la Junta se encontraban las sometidas por ICA Miramar y Las Piedras Construction (en adelante Las Piedras). La propuesta más baja en precio fue la presentada por ICA Miramar.

Las Piedras argumentó ante la Junta que la propuesta sometida por ICA Miramar no especificó en letras, aunque sí en números, el precio unitario licitado para una de las partidas que componían el proyecto objeto de subasta. Las Piedras señaló que tal defecto hacía la propuesta de ICA Miramar inaceptable, según las especificaciones aplicables a la subasta. ICA Miramar adujo, por su parte, que ese defecto era uno insustancial que no conllevaba el rechazo de su propuesta, ya que era un error fácilmente subsanable mediante una simple operación aritmética.

Posteriormente, la Junta adjudicó la buena pro de la subasta a ICA Miramar y le notificó la decisión a los licitadores perdidosos. Por la pertinencia de la notificación de la adjudicación de la subasta a la controversia en el caso de autos, la reproducimos íntegramente:

**L.P.C.& D.**
**Apartado 2025**
**Las Piedras, P.R. 00771**
Fax: 733-4808

Río Construction
**P.O. Box 10462**
**San Juan, P.R. 00922-0462**
Fax: 720-1254


**Redondo Construction**
**P.O. Box 364185**
**San Juan, P.R. 00936**
**Fax: 783-3980**

**Asunto:   Construcción Ave. Río Hondo, Carr. P.R.-5, Desde P.R.-174 hasta Ave. Los Millones, Mpio. de Bayamón, P.R. AC-00526**

**La Junta de Subastas de la Autoridad de Carreteras y Transportación desea informarles que la subasta de referencia fue adjudicada a los Miramar el día 29 de mayo de 1998.**

> **Desde el día indicado comenzó a correr el término de diez (10) días, para solicitar reconsideración de considerarse afectado adversamente por la decisión de la Agencia, según dispone la Sección 3.19 de la Ley de Procedimiento Administrativo Uniforme de Puerto Rico. Ley Núm. 170 del 12 de agosto de 1988, según enmendada.**
>
> **Gracias por su participación en nuestras subastas.**
>
> **Cordialmente,**
>
> **Manuel Feliciano**
> **Presidente**
> **Junta de Subastas**

Tras haber solicitado, sin éxito, la reconsideración de la decisión de la Junta, Las Piedras recurrió ante el Tribunal de Circuito de Apelaciones. Luego de varios incidentes procesales, el Tribunal de Circuito de Apelaciones concluyó que el aviso de adjudicación de subasta emitido por la Junta imposibilitaba a dicho tribunal ejercer su función revisora ya que, no incluía determinaciones de hecho y conclusiones de derecho.

El Tribunal de Circuito de Apelaciones emitió una orden requiriéndole a la Junta paralizar todo trámite relacionado con la subasta impugnada. Además, devolvió el caso a la Junta con instrucciones de que emitiera determinaciones de hecho y conclusiones de derecho para que una vez fueran emitidas, la parte adversamente afectada decidiera si recurría al tribunal con un nuevo recurso de revisión judicial. Luego de varios incidentes procesales ICA Miramar recurre ante nos.

II

Con excepción de los Sección 3.20 de la L.P.A.U., 3 L.P.R.A. sec. 2169, en nuestra jurisdicción no existe una ley especial que regule los procedimientos de subasta. Queda pues, a la discreción de cada agencia aprobar un reglamento estableciendo el procedimiento y las guías a seguir en sus propias subastas. 3 L.P.R.A sec. 2169.

A tenor con el principio antes expuesto, la Ley de la Autoridad de Carreteras y Transportación, 9 L.P.R.A. 2001, et seq., delegó a la Autoridad de Carreteras y Transportación(en adelante Autoridad) la

facultad de establecer los parámetros a tenor con los cuales deben regirse las subastas que celebre la Autoridad. Sobre este particular la Ley señala en lo pertinente:

**El Secretario de Transportación y Obras Públicas y el Director Ejecutivo establecerán administrativamente los procedimientos y guías que habrán de regir los procesos de las subastas negociadas.** 9 L.P.R.A. sec. 2001.

A tenor con la delegación de esta facultad, la Autoridad aprobó el Reglamento de Subastas, el cual establece todas las normas para el trámite, celebración y adjudicación de subastas que celebre la Autoridad. Reglamento de Subastas de la Autoridad de Carreteras y Transportación Núm. 02-001, aprobado el 30 de junio de 1995.

### III

El Reglamento de Subastas de la Autoridad establece que el Presidente de la Junta, al adjudicar una subasta, tendrá la responsabilidad de notificar por escrito la decisión a los licitadores participantes en la subasta. Reglamento de Subastas, supra, Artículo IX, inciso 7.

El Reglamento también establece que cualquier licitador afectado adversamente por una decisión de la Autoridad en relación con el proceso de adjudicación de una subasta podrá solicitar una solicitud de reconsideración. Reglamento de Subastas, supra, Artículo XI (A). Señala, además, que tanto las solicitudes de reconsideración como la revisión judicial de las determinaciones de la Autoridad han de regirse por las disposiciones de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 del 12 de agosto de 1988, 3 L.P.R.A. 2101 et seq,(en adelante L.P.A.U.).

El Reglamento de Subastas de la Autoridad nada dispone respecto a cómo ha de ser la notificación de la adjudicación de la subasta de la cual las partes afectadas adversamente tienen derecho a solicitar reconsideración y revisión judicial. Será preciso pues, examinar las disposiciones de la L.P.A.U. y su jurisprudencia interpretativa para abordar la controversia del caso de autos.

IV

El subcapítulo III de la L.P.A.U., el cual regula lo relativo a los procedimientos adjudicativos administrativos, establece que los procedimientos de adjudicación de subastas son informales y que no han de regirse por las disposiciones de dicho capítulo. 3 L.P.R.A. sec. 2151. No obstante, la sección 3.19 de L.P.A.U. reconoce el derecho de la parte adversamente afectada por la adjudicación de una subasta a solicitar reconsideración ante la agencia o la entidad apelativa de subastas, así como el derecho a solicitar revisión judicial de la determinación administrativa dentro de los términos fijados por ley. 3 L.P.R.A. sec. 2169. Véase, además, Cotto Guadalupe v. Departamento de Educación, res. el 15 de junio de 1995, 138 D.P.R. ___.

Así pues, los procedimientos de adjudicación de subastas son informales, limitándose los procedimientos formales al proceso de reconsideración y revisión judicial. Esto se desprende expresamente del Historial Legislativo de la Ley Núm. 43 de 5 de agosto de 1989, el cual señala en lo pertinente:

> Con las enmiendas relativas a las subastas se pretende simplificar los procedimientos adjudicativos de subastas, de forma que sólo **se consideren procedimientos formales, la reconsideración y la revisión judicial**, obviándose los requisitos del Capítulo III de la Ley 170 en todo el proceso anterior a la reconsideración.Informe del Senado de Puerto Rico de 25 de junio de 1989, pág.6. (Énfasis Nuestro).

De manera que, aunque los procedimientos de subastas son procedimientos informales *sui generis* que tienen ciertas características adjudicativas, una vez se ha tomado la decisión administrativa la parte adversamente afectada tiene derecho a solicitar la revisión judicial a tenor con el ordenamiento dispuesto por la LPAU. Véase RBR Construction v. Autoridad de Carreteras, res. el 22 de diciembre de 1999, 99 TSPR 184.

Para que este Tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de una decisión de una agencia sea uno efectivo es imprescindible

exigir que la misma esté fundamentada, aunque sea de forma sumaria. RBR Construction, supra. Si la parte adversamente afectada por la determinación de una agencia desconoce los motivos de la agencia para su proceder, el trámite de revisión judicial de la determinación administrativa se convertiría en un ejercicio fútil. RBR Construction, supra,. No basta con informar la disponibilidad y plazo para solicitar la reconsideración y la revisión.

Nos parece que ésta es la única forma en la que los tribunales al revisar la determinación de la agencia administrativa pueden asegurarse de que la decisión no fue una arbitraria, caprichosa o irrazonable. Véase Fuertes v. A.R.P.E, 134 D.P.R. 947 (1993). La revisión judicial de decisiones administrativas tiene como fin primordial delimitar la discreción de los organismos administrativos y asegurarse de que éstos desempeñen sus funciones conforme a la ley. Miranda v. C.C.C., res. el 25 de octubre de 1996, 141 D.P.R. ___ (1996).

Ya habíamos resuelto anteriormente que en procedimientos informales se exige que la agencia exponga una explicación de las bases sobre las que descansa su decisión, de forma tal que el tribunal tenga fundamentos para hacer su determinación. Véase Rivera Santiago v. Srio. de Hacienda, 119 D.P.R. 265, 272 (1987). Aun cuando no se exige determinaciones de hechos y de derecho, en la adjudicación de procedimientos informales deben mediar razones suficientes que pongan en conocimiento a las partes y al tribunal de los fundamentos que propiciaron tal decisión. Godreau & Co. v. Com. Servicio Público, 71 D.P.R. 649, 655-657 (1950).

Algunos de los objetivos que se logran al requerir que la decisión de una agencia administrativa sea una fundamentada son: (1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esa tarea; (2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción; (3) ayudar a la parte afectada a entender por qué el organismo administrativo decidió como lo hizo, y

al estar mejor informada, poder decidir si acude al foro judicial o acata la determinación; (4) evitar que los tribunales se apropien de funciones que corresponden propiamente a las agencias administrativas bajo el concepto de especialización y destreza. Véase Rivera Santiago, supra.

Por todo lo antes expuesto, resolvemos que la notificación de la adjudicación de una subasta debe ser fundamentada, al menos de forma sumaria y sucinta. Por lo menos debe incluir la siguiente información: los nombres de los licitadores en la subasta y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta;los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos y la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial.

De ordinario, las agencias administrativas deben cumplir estrictamente con esta normativa. No obstante, en casos excepcionales cuando por alguna razón válida la agencia no pueda así resolver, en la reconsideración la entidad gubernamental deberá exponer los fundamentos que propiciaron su decisión.

La norma que hoy promulgamos hace efectivo el ejercicio del derecho a solicitar revisión judicial de las adjudicaciones de subasta y posibilita a los tribunales ejercer su función revisora. Finalmente, esto evita decisiones arbitrarias, irrazonables o caprichosas por parte de las agencias administrativas, aspecto que cobra fundamental importancia en el caso de subastas públicas,en virtud de las cuales se desembolsan fondos públicos. Ya hemos señalado anteriormente que:

> "...parte de una buena administración implica  llevar a cabo sus funciones [las del gobierno] como comprador con eficiencia, honestidad y correción para proteger los dineros del pueblo al cual dicho gobierno representa." Mar-Mol, Co. v. Adms. Servicios Gens., 126 D.P.R. 964. (1990).

### V

En el caso de autos, la notificación de la adjudicación de la subasta no fue fundamentada de modo que le permitiera al Tribunal de

Circuito de Apelaciones ejercer su función revisora. La Junta debió de haber fundamentado su decisión aunque que fuera de manera breve o sumaria. No obstante,en la notificación, la Junta se limitó a informar la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. Las Piedras solicitó reconsideración de la decisión la cual no fue considerada dentro del plazo que dispone la ley, por lo que se entiende que fue rechazada de plano. De modo que, ante el hecho de que la Junta en ninguna de las etapas del proceso en las que debió fundamentar su decisión administrativa lo hizo,nos parece correcta la determinación del Tribunal de Circuito a los efectos de que lo que procede es devolver el caso ante la Junta para que ésta fundamente su decisión.

Por los fundamentos que preceden, confirmamos la sentencia del Tribunal de Circuito de Apelaciones y devolvemos el asunto a la Junta para que fundamente su determinación. Una vez ésta sea emitida, la parte adversamente afectada podrá, de así entenderlo pertinente, presentar nuevo recurso de revisión.

Se dictará la Sentencia correspondiente.


Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

L.P.C. & D. Inc.
  Demandante y Recurrida

  v.                                    CC-98-797        Certiorari
                                        CC-98-832

Autoridad de Carreteras
y Transportación y otros
  Demandados Recurridos

ICA Miramar Corp.
  Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 27 de diciembre de 1999.

        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma la sentencia del Tribunal de Circuito de Apelaciones.  Se devuelve el asunto a la Junta de Subastas de la Autoridad de Carreteras y Transportación para que fundamente su determinación. Una vez ésta sea emitida, la parte adversamente afectada podrá, de así entenderlo pertinente, presentar nuevo recurso de revisión.

        Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                        Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo