CC-2000-802                    - 1 -

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Punta de Arenas Concrete, Inc.<br>    Peticionaria<br><br>       v.<br><br>Junta de Subastas, Municipio de Hormigueros<br>    Recurrida | Certiorari<br><br>2001 TSPR 41 |

Número del Caso: CC-2000-802

Fecha: 30/marzo/2001

Tribunal de Circuito de Apelaciones:

                               Circuito Regional IV

Panel integrado por su Presidenta, la Juez López Vilanova y los Jueces Córdova Arone y Escribano Medina

Abogado de la Parte Peticionaria:

                               Lcdo. Gabriel García Maya

Abogados de la Parte Recurrida:

                               Lcdo. Carlos J. Córdova Vélez

Materia: Impugnación de Adjudicación de Subasta

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Punta de Arenas Concrete, Inc.

     Peticionaria

         vs.                              CC-2000-802       Certiorari

Junta de Subastas,
Municipio de Hormigueros

     Recurrida

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 30 de marzo de 2001.

Este Tribunal decidió en L.P.C.&D. v. Autoridad de Carreteras que para que una notificación de adjudicación de una subasta de una agencia gubernamental sea válida la misma debe incluir los fundamentos en los que se basó la decisión tomada por la Junta de Subastas. L.P.C.&D. v. Autoridad de Carreteras y Transportación, res. el 27 de diciembre de 1999, 99 TSPR 185. En este caso se nos plantea la interrogante de si este requisito se extiende también a las subastas celebradas por los municipios. Por entender que el debido proceso de ley requiere que se

incluyan en la notificación los fundamentos en que se basa la Junta de Subastas al adjudicar, decidimos que este requisito le aplica también a los municipios y revocamos la decisión del Tribunal de Circuito de Apelaciones.

I.

El 28 de abril de 2000, la Junta de Subastas del Municipio de Hormigueros (en adelante "Junta") publicó un aviso para la subasta 00-14, Renglón 17 - "Suministro de Hormigón Pre-mezclado," a celebrarse el 10 de mayo de 2000, a las 10:00 a.m. en el salón de actos de la Asamblea Municipal de Hormigueros.

El 3 de mayo de 2000, Punta Arenas Concrete, Inc. (en adelante "Punta Arenas"), sometió toda la información requerida para formar parte del Registro de Licitadores. También sometió una oferta, junto con todos los documentos referidos. Además de Punta Arenas, también presentaron ofertas otros dos licitadores: Hormigonera Mayagüezana, Inc., y Concretera del Oeste, Inc.

Surge del expediente, y concede la parte recurrida, que Hormigonera Mayagüezana fue la compañía que más alto cotizó en todos los renglones, excepto en uno. No obstante, mediante resolución emitida el 15 de junio de 2000, la Junta notificó a los licitadores su determinación de adjudicar la subasta a dicha compañía, advirtiéndoles de su derecho a solicitar revisión judicial.

Inconforme con dicha determinación, recurrió Punta Arenas al Tribunal de Circuito de Apelaciones, alegando que la Junta no cumplió con los requisitos establecidos por este Tribunal en L.P.C.&D., supra, en cuanto al contenido de la notificación de adjudicación ya que no fundamentó las bases sobre las que descansó su decisión. Además, Punta Arenas alegó que la Junta violó la Ley de Municipios Autónomos al adjudicar una subasta a favor del postor más alto, sin criterios que lo justificaran.

La Junta se opuso a la expedición del recurso alegando que, luego de una visita a la planta de Punta Arenas, había concluido que dicho

licitador no tenía el requerido control de calidad.[1]  La Junta alegó que esto ponía en riesgo los mejores intereses del municipio en caso de adjudicársele la subasta a Punta Arenas.

El Tribunal de Circuito de Apelaciones denegó el recurso de revisión. Entendió que, conforme al Art. 15.002 de la Ley de Municipios Autónomos, 21 L.P.R.A. § 4702, la notificación de adjudicación de una subasta debe advertir al licitador de su derecho a procurar revisión judicial, del término disponible para hacerlo, y de la fecha de archivo en autos de copia de la notificación de la adjudicación, pero no tiene que incluir los fundamentos en que se basó la Junta al adjudicar la subasta.  Resolución del Tribunal de Circuito de Apelaciones del 17 de agosto de 2000, Caso Núm. KLRA0000471.  Por tanto, concluyó el Tribunal, la notificación que se hizo a Punta Arenas cumplió con los requisitos señalados y requeridos por la Ley de Municipios Autónomos.  Id.

El foro apelativo también señaló que, conforme al Art. 11.006 de la Ley de Municipios Autónomos, 21 L.P.R.A. § 4506, la Junta puede adjudicar a un postor que no sea necesariamente el más bajo si con ello se beneficia el interés público.  Id.  El tribunal consideró las justificaciones presentadas por la Junta en su oposición al recurso de revisión.  Concluyó, entonces, que en el caso de autos existían factores que aumentaban el riesgo de la ejecución y cumplimiento de la obra, lo que es fundamento suficiente para justificar la adjudicación de la obra por un precio más alto a beneficio del interés público.  Id.

Inconforme también con dicha determinación, recurre Punta Arenas ante nos.  Punta Arenas alega que el Tribunal de Circuito de Apelaciones erró al determinar que la Junta cumplió con los requisitos establecidos por este Tribunal en IM Winner y L.P.C.&D. en cuanto al contenido de la notificación de adjudicación, ya que la Junta debía también fundamentar las bases sobre las que descansó su decisión.  Además, Punta Arenas alega

---

[1] En esta visita, alegadamente, se constató que solamente había un sitio para almacenar cemento y no había balanza, sino sólo unos camiones.

que el foro apelativo erró al considerar las razones para justificar la adjudicación de la subasta al licitador con la cotización más alta que expuso la Junta en su oposición al auto de revisión. La peticionaria alega que no tuvo oportunidad de refutar estas alegaciones de la Junta y que al consideradas dicho tribunal, se violó su debido proceso de ley. Por último Punta Arenas señala que el Tribunal de Circuito de Apelaciones erró al no exigir a la Junta que sometiera las actas públicas de su reunión de adjudicación, para determinar si las razones que expuso dicha Junta ante el Tribunal de Circuito de Apelaciones eran las que verdaderamente se habían tomado en consideración al adjudicar la subasta.

Al considerar los señalamientos de error que hace Punta Arenas debemos contestar primeramente la siguiente pregunta: ¿es válida una notificación de adjudicación de una subasta llevada a cabo por un municipio que no incluya los fundamentos en que se basó la Junta de Subastas al adjudicar? El Tribunal de Circuito de Apelaciones entendió que es válida basándose en dos decisiones de este Tribunal, L.P.C.&D., supra, y IM Winner v. Junta de Subastas del Gobierno Municipal de Guayanilla, res. el 17 de mayo de 2000, 2000 TSPR 74. Analicemos estas dos decisiones.

II.

En L.P.C.&D., la Junta de Subastas de la Autoridad de Carreteras y Transportación, luego de adjudicar una subasta, envió una notificación a los licitadores en donde se les informaba de su derecho a solicitar la revisión judicial, del término disponible para así hacerlo, y de la fecha del archivo en autos de copia de la notificación de la adjudicación. L.P.C.&D., supra. Sin embargo, dicha notificación no incluía los fundamentos en que se basó la Junta al adjudicar. Id. En ese caso decidimos que "la notificación de la adjudicación de una subasta debe ser fundamentada, al menos de forma sumaria y sucinta." Id.

Por otra parte, en IM Winner nos enfrentamos a una situación en la cual la Junta de Subastas de Guayanilla emitió una notificación en la cual ni tan siquiera se advertía del derecho a procurar revisión judicial. IM Winner, supra. En ese caso también decidimos que dicha notificación no

era válida.  Id.  El no haber advertido del derecho a procurar revisión judicial impide que comience a decursar el término para instar la correspondiente acción de revisión judicial. Id.

Estos dos casos son diferentes por una razón muy importante en la cual el Tribunal de Circuito de Apelaciones se basó al llegar a la conclusión de que en el caso de autos no se requería una notificación fundamentada. Ambos son casos en los cuales se impugna la validez de una notificación de adjudicación de subasta, pero en el primero la subasta fue llevada a cabo por una agencia del Estado Libre Asociado de Puerto Rico (Autoridad de Carreteras y Transportación), mientras que en el segundo la subasta la hizo un municipio.  Por tanto, el primer caso se rige bajo una legislación diferente al segundo.

La Ley de Procedimiento Administrativo Uniforme (en adelante "L.P.A.U.") regula las subastas llevadas a cabo por las agencias del ELA. 3 L.P.R.A. § 2169.  La L.P.A.U., sin embargo, excluye explícitamente a los "gobiernos municipales o sus entidades o corporaciones" de la definición de agencia.  3 L.P.R.A. § 2102(a)(5).  Por tanto, la L.P.A.U. aplica en L.P.C.&D., pero no en IM Winner.  Las subastas llevadas a cabo por los municipios se rigen por la Ley de Municipios Autónomos.  21 L.P.R.A. §§ 4501 *et seq.*  Esta legislación es, por tanto, de aplicación tanto en IM Winner como en el caso de autos.

### III.

Ahora analicemos más a fondo el razonamiento del Tribunal de Circuito de Apelaciones.  En IM Winner, este Tribunal decidió que una notificación de adjudicación de subasta llevada a cabo por un municipio, para ser válida, debe incluir una advertencia sobre "el derecho a procurar revisión judicial; el término disponible para así hacerlo y; la fecha del archivo en autos de copia de la notificación de la adjudicación." IM Winner, supra. El Tribunal de Circuito de Apelaciones concluyó que, al no incluirse en esta lista el requisito de incluir los fundamentos de la decisión, este

Tribunal estaba implícitamente decidiendo que una notificación podía ser válida aunque no se incluyeran dichos fundamentos.

Por otra parte, en L.P.C.&D., este Tribunal concluyó que una notificación de adjudicación de subasta llevada a cabo por una agencia tiene que ser una fundamentada para ser válida. L.P.C.&D., supra. El Tribunal de Circuito de Apelaciones concluyó que por éste ser un caso de una subasta de una agencia, este requisito era uno que surgía exclusivamente de la L.P.A.U. Por tanto, según el foro apelativo, este requisito no aplicaría en el caso de autos, por regirse bajo la Ley de Municipios Autónomos y no la L.P.A.U.

El Tribunal de Circuito de Apelaciones concluyó, entonces, que el caso de aplicación aquí era IM Winner, y que ese caso no requería una notificación fundamentada. Erró el foro apelativo al así resolver por dos razones fundamentales. En primer lugar, el Tribunal de Circuito de Apelaciones erró al concluir que la lista de requisitos de IM Winner es una enumeración taxativa. Segundo, los requisitos establecidos en los casos discutidos anteriormente no surgen exclusivamente de la L.P.A.U. ni de la Ley de Municipios Autónomos, respectivamente. Estos requisitos surgen del debido proceso de ley. Por tanto, estos requisitos son de rango constitucional y aplican tanto a las subastas llevadas a cabo por municipios como a las subastas de las agencias.

IV.

"[L]a naturaleza del debido proceso de ley es una eminentemente circunstancial y pragmática." IM Winner, supra. Es por esto que en IM Winner explícitamente dijimos que no pretendíamos "elaborar una enumeración taxativa de las exigencias del debido proceso de ley." Id. En ese caso, inclusive, hicimos referencia a la exigencia de fundamentar la adjudicación de una subasta establecida en L.P.C.&D. Id. Por tanto, estaba implícito en IM Winner lo que ahora hacemos explícito, que esta exigencia es una que por ser requerida por el debido proceso de ley, es necesaria tanto en subastas celebradas bajo la L.P.A.U. como bajo la Ley de Municipios Autónomos.

El hecho de que el requisito de incluir los fundamentos lo exija el debido proceso de ley surge claramente de la reciente jurisprudencia de este Tribunal.   En L.P.C.&D., explicamos por qué es tan fundamental al debido proceso de ley este requisito:

> "Para que este Tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener revisión judicial de una decisión de una agencia sea uno efectivo es imprescindible exigir que la misma esté fundamentada, aunque sea de forma sumaria.  Si la parte adversamente afectada por la determinación de una agencia desconoce los motivos de la agencia para su proceder, el trámite de revisión judicial de la determinación administrativa se convertiría en un ejercicio fútil.  No basta con informar la disponibilidad y plazo para solicitar la reconsideración y la revisión." L.P.C.&D., supra, citando, RBR Construction v. Autoridad de Carreteras, res. el 22 de diciembre de 1999, 99 TSPR 184.

Una vez la legislatura ha concedido el derecho a la revisión judicial, el debido proceso de ley requiere que esta revisión sea una efectiva.  Por ello, en Colón Torres v. A.A.A. expresamos que:

> "El derecho a presentar revisión judicial de las decisiones administrativas es provisto mediante estatuto, por lo que forma parte del debido proceso de ley.  En consecuencia, la falta de una notificación adecuada podría afectar el derecho de una parte a cuestionar la determinación decretada por el organismo administrativo, enervando así las garantías del debido proceso de ley."  Colón Torres v. A.A.A., res. el 15 de mayo de 1997, 143 D.P.R. __.

Esto lo reiteramos en el contexto de una subasta de un municipio en IM Winner:  "Habiéndose otorgado el derecho a revisar judicialmente la adjudicación de una subasta, **el debido proceso de ley** exige una notificación adecuada para ejercer efectivamente tal derecho... no se podría cuestionar judicialmente lo que no se conoce."  IM Winner, supra (énfasis suplido).

Al requerir que se incluyan los fundamentos en la notificación, nos aseguramos de que los tribunales puedan revisar dichos fundamentos para determinar si la decisión fue una arbitraria, caprichosa o irrazonable. Este aspecto cobra especial importancia en el caso de subastas públicas, ya que envuelven directamente el desembolso de fondos públicos. L.P.C.&D., supra.  Esta norma "hace efectivo el ejercicio del derecho a solicitar revisión judicial de las adjudicaciones de subasta y posibilita a los tribunales ejercer su función revisora." L.P.C.&D., supra. Además, como

explicamos en <u>L.P.C.&D.</u>, el requerir que las notificaciones sean fundamentadas promueve otros objetivos importantes:

> "(1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esa tarea; (2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción; (3) ayudar a la parte afectada a entender por qué el organismo administrativo decidió como lo hizo, y al estar mejor informada, poder decidir si acude al foro judicial o acata la determinación; (4) evitar que los tribunales se apropien de funciones que corresponden propiamente a las agencias administrativas bajo el concepto de especialización y destreza." <u>L.P.C.&D.</u>, <u>supra</u>, citando, <u>Rivera Santiago v. Secretario de Hacienda</u>, 119 D.P.R. 649 (1950).

En el caso de autos, estos objetivos y este razonamiento aplican con igual fuerza ya que la Ley de Municipios Autónomos provee para la revisión judicial de las subastas llevadas a cabo por los municipios. 21 L.P.R.A. § 4702(2). Además, este requisito de una notificación fundamentada es de especial importancia en el caso de los municipios dada la gran cantidad de subastas que celebran los mismos y la gran cantidad de fondos públicos que se desembolsan como consecuencia. De no existir esta norma, el tribunal se vería en la necesidad de celebrar un juicio *de novo* cada vez que fuera a revisar las actuaciones de las agencias y los municipios. Esto sería sumamente ineficiente y promovería el que dichos organismos fundamentaran sus actuaciones *a posteriori*.

Cabe además destacar que las decisiones de este Tribunal en <u>L.P.C.&D.</u> y <u>IM Winner</u> fueron publicadas antes de que la Junta emitiera la notificación cuya validez se está impugnando. La Junta debió haber estado al tanto del requisito de incluir los fundamentos en la notificación. Inclusive, la Oficina del Comisionado de Asuntos Municipales circuló un memorando en el cual alertaba a todos los alcaldes sobre las decisiones de este Tribunal que ya hemos discutido, y hacía hincapié en la necesidad de emitir notificaciones fundamentadas. <u>Memorando Circular Núm. 00-09 de la Oficina del Comisionado de Asuntos Municipales del 7 de agosto de 2000</u>. Por tanto, la actuación de la Junta al no fundamentar su decisión es inexcusable.

V.

En el caso de autos, la notificación de adjudicación de subasta no incluyó los fundamentos en que se basó la Junta de modo que le permitiera al Tribunal de Circuito de Apelaciones ejercer su función revisora. La Junta debió de haber fundamentado su decisión aunque fuera de manera breve o sumaria. En L.P.C.&D. explicamos que dicha notificación por lo menos debe incluir la siguiente información:

> "los nombres de los licitadores en la subasta y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos y la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial." L.P.C.&D., supra.

Como la Junta no cumplió con estos requisitos, concluimos que la notificación de adjudicación de subasta del municipio de Hormigueros no fue válida.

Al no habérsele notificado los fundamentos de la decisión a Punta Arenas antes de estos solicitar el recurso de revisión ante el Tribunal de Circuito de Apelaciones, la peticionaria no tuvo la oportunidad de refutar las alegaciones que incluyó la Junta en su oposición a dicho recurso. Por tanto, entendemos que el Tribunal de Circuito de Apelaciones erró al tomar en consideración las alegaciones de la Junta al decidir que la misma estaba justificada en no adjudicar la subasta al licitador que cotizó el precio más bajo.

Dadas estas circunstancias, devolvemos el caso ante la Junta para que ésta fundamente su decisión. Una vez la Junta emita una notificación fundamentada, la parte adversamente afectada, de estimarlo procedente, agotará tanto el trámite administrativo como el judicial.

Se dictará la Sentencia correspondiente.


                              FEDERICO HERNANDEZ DENTON
                                    Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Punta de Arenas Concrete, Inc.

    Peticionaria

       vs.                       CC-2000-802    Certiorari

Junta de Subastas,
Municipio de Hormigueros

    Recurrida

SENTENCIA

San Juan, Puerto Rico, a 30 de marzo de 2001.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hac formar parte íntegra de la presente, se revoca la resolución del Tribunal d Circuito de Apelaciones.  Se devuelve el asunto a la Junta de Subastas de Municipio de Hormigueros para que fundamente su determinación. Una vez ést sea emitida, la parte adversamente afectada podrá, de así entenderl pertinente, presentar nuevo recurso de revisión.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribuna Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo