Rodríguez Muñiz, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Medical Biotronics, Inc. (en adelante, la recurrente) presentó ante nos, el 7 de noviembre de 2003, una solicitud de revisión judicial. Nos solicita la revisión de la adjudicación de la subasta número 2003/052, emitida el 25 de septiembre de 2003 y notificada el día 26 del mismo mes y año, por el Presidente de la Junta de Subastas del Municipio de San Juan (en adelante, la Junta).
*944 A continuación exponemos brevemente el trasfondo fáctico y procesal del caso.
I
El 22 de octubre de 2002, la Junta publicó en un periódico de circulación general una convocatoria para la celebración de la subasta número 2003/052.
La subasta se celebró según anunciada, el 13 de mayo de 2003. A ella comparecieron los siguientes licitadores: (i) la recurrente; (ii) Pelegrina Medical, Inc.; (iii) Phillips Medical Systems, Inc.; (iv) Borschow Hospital & Medical Supplies; (v) Puerto Rico Sales & Medical Services; (vi) Smith & Nephew, Inc.; (vii) Universal Care Corp.; (viii) Puerto Rico Hospital Supply, Inc.; (ix) Specialty Medical Devices, y (x) Alpha Medical, Inc.
El 18 de julio de 2003, la Junta otorgó varios renglones de la subasta, quedando otros pendientes. Posteriormente, el 25 de septiembre de 2003, la Junta adjudicó los renglones que estaban pendientes y notificó la decisión recurrida el día 26 del mismo mes y año, mediante un segundo Aviso de Adjudicación.
Inconforme con el resultado, la recurrente presentó, el 6 de octubre de 2003, una solicitud de reconsideración ante la Junta.
Ante la inacción de la Junta, la recurrente compareció ante nos el 7 de noviembre de 2003, y señaló la comisión del siguiente error:

“Erró la Junta de Subastas del Municipio de San Juan al no considerar la Solicitud de Reconsideración presentada por Medical y, por consiguiente, al no adjudicar los renglones 3 y 4 de la subasta 2003/052 a Medical. ”

El 12 de noviembre de 2003, emitimos una orden mediante la cual le concedimos el término de cinco (5) días a la recurrente para que mostrara causa por la cual no debíamos desestimar el recurso presentado por no haber notificado el mismo al licitador Puerto Rico Sales & Medical Services.
Luego de varios incidentes procesales, el 17 de noviembre de 2003, la recurrente presentó su moción mostrando causa.
El 2 de diciembre de 2003, la Junta presentó un escrito en oposición. Mediante éste, nos solicitó la desestimación del recurso por falta de jurisdicción sobre la materia.
Con el beneficio de ambas comparecencias, por los fundamentos que exponemos a continuación, desestimamos el presente recurso.
II
Las subastas llevadas a cabo por los municipios se rigen por la Ley de Municipios Autónomos, 21 L.P.R.A. § 4501 y ss. De conformidad con dicho estatuto, compete a este Tribunal revisar los acuerdos finales o las adjudicaciones efectuadas por las Juntas de Subastas Municipales. 21 L.P.R.A. see. 4702(2). El artículo 15.02(2) de la Ley de Municipios Autónomos, señala, específicamente, que “[e]l Tribunal de Circuito de Apelaciones revisará, con exclusividad, el acuerdo final o adjudicación de la Junta de Subasta. La solicitud de Revisión se instará dentro del término jurisdiccional de veinte (20) días contados desde el archivo en autos de copia de la notificación del acuerdo final o adjudicación.’'’ 21 L.P.R.A. see. 4702(2).
Asimismo, el Reglamento de Subastas del Municipio de San Juan le concede a los licitadores afectados por la adjudicación el derecho a solicitar reconsideración ante la Junta de Subastas. Específicamente, la Regla 14.1 *945 dispone que el licitador que no esté conforme con la adjudicación de la subasta puede solicitar reconsideración de la misma dentro del término de cinco (5) días laborables contados a partir del recibo de la notificación de la adjudicación.
Según dispone el Artículo 14.2. de dicho Reglamento, cuando se ha presentado una solicitud de reconsideración ante la Junta de Subastas, ésta tendrá diez (10) días para expresarse al respecto. Si dentro de ese período, la agencia decide rechazarla, el término jurisdiccional para acudir en revisión ante este Tribunal comenzará a contar desde que se notifique que la solicitud ha sido denegada. Por el contrario, si trascurren diez (10) días sin que la agencia se haya expresado sobre ella, el término para acudir en revisión comienza en ese momento, pues se entenderá que la misma ha sido rechazada de plano.
En L.P.C&D. v. Autoridad, de Carreteras y Transportación, 149 D.P.R. 869 (1999), el Tribunal Supremo resolvió que para poder cumplir con las exigencias del debido proceso de ley, las notificaciones que se hagan sobre una adjudicación de subasta deben tener cierta información que garantice a las partes ejercer efectivamente su derecho a revisión judicial. Id., a las páginas 877-878. Indicó el Tribunal que las notificaciones de adjudicación deben ser fundamentadas, “al menos deforma sumaria y sucinta.” Id.
Además, se exige que éstas incluyan, al menos, la siguiente información: “los nombres de los lidiadores en la subasta y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los lidiadores perdidosos y la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. ” Id. a la página 879; Punta Arenas Concrete, Inc. v. Junta de Subastas, Mun. de Hormigueros, 2001 J.T.S. 50, 1079.
Esta norma, “hace efectivo el ejercicio del derecho a solicitar revisión judicial de las adjudicaciones de subastas y posibilita a los tribunales ejercer su función revisora.” Id. Ello también “evita decisiones arbitrarias, irrazonables o caprichosas por parte de las agencias administrativas, aspecto que cobra fundamental importancia en el caso de subastas públicas, en virtud de las cuales se desembolsan fondos públicos.” Id.
Por su parte, la sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. see. 2172 (en adelante, la LPAU), impone a la parte que acude en revisión el' deber de notificar la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar revisión. Velázquez v. Adm. de Terrenos, 153 D.P.R. _ (2001), 2001 J.T.S. 35, 974, resuelto el 7 de marzo de 2001. El requisito de notificar a todas las partes en el procedimiento administrativo con copia de un recurso de revisión judicial, dentro del término para presentar el recurso, es de carácter jurisdiccional; su incumplimiento priva de jurisdicción al Tribunal de Circuito de Apelaciones para entender en los méritos del recurso de revisión judicial. Rafael Rosario & Associates, Inc. v. Departamento de la Familia, _ D.P.R. _ (2002), 2002 J.T.S. 93, páginas 1340-1341; Velázquez v. Adm. de Terrenos, supra, página 974; Rosario v. Hosp. Gen. Menonita, 155 D.P.R. _ (2001), 2001 J.T.S. 126, página 83; Lugo Rodríguez v. Junta de Planificación, 150 D.P.R. _ (2000), 2000 J.T.S. 15, página 521; Diócesis Mayagüez I. Católica v. J.P., 147 D.P.R. 471, 475 (1999); Ortiz v. A.R.P.E., 146 D.P.R. 720, 723 (1998).
La Regla 58(B)(1) del Reglamento Transitorio del Tribunal de Apelaciones dispone que: “La parte recurrente notificará el escrito de revisión... a los abogados(as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario(a) administrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término jurisdiccional. ”
Como es sabido, la jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos o controversias. Gearheart v. Haskell, 87 D.P.R. 57, 61 (1963). Nos toca a los tribunales el deber de ser guardianes de nuestra propia jurisdicción. Gobernador de P.R. v. Alcalde de Juncos, 121 D.P.R. 522, 530 (1988); Soc. de Gananciales v. Autoridad de Fuentes Fluviales, 108 D.P.R. 644, 645 (1979); López Rivera v. Autoridad Fuentes *946 Fluviales, 89 D.P.R. 414, 419 (1963). También es asunto trillado que los tribunales no tenemos discreción para asumir jurisdicción donde la ley no nos la da. Martínez v. Junta de Planificación, 109 D.P.R. 839, 842 (1980); Maldonado v. Pichardo, 104 D.P.R. 778, 782 (1976). Es por esta razón que cuando un tribunal no está autorizado para considerar y decidir un caso o controversia, carece de jurisdicción y cualquier actuación suya es nula. En tal instancia, el tribunal tiene el deber de abstenerse de considerar los méritos de la controversia planteada. Brunet Justiniano v. Gobernador de P.R., 130 D.P.R. 248, 255 (1992).
III
En el presente caso, la recurrente omitió notificarle a la licitadora Puerto Rico Sales & Medical Services de la presentación de la solicitud de revisión judicial dentro del tiempo jurisdiccional dispuesto para ello. Por tal razón, le concedimos un término adicional de cinco (5) días para que mostrara la causa de tal incumplimiento. En el escrito en cumplimiento de orden, las razones que la recurrente expuso para justificar su omisión fueron que, debido a un error involuntario, entendió que Puerto Rico Sales & Medical Services no había cotizado los renglones de la subasta que fueron objeto del segundo aviso de adjudicación y que, por esa razón, pensó que no era parte en el caso. Además, argumentó que el término para recurrir ante este Tribunal se encontraba paralizado, puesto que la notificación de la adjudicación de la subasta era defectuosa por dejar de informarle de su derecho a solicitar reconsideración y posterior revisión judicial y los términos correctos para cada una de esas acciones. Aún así, señaló que le notificó a esa parte con copia del recurso presentado el 14 de noviembre de 2003.
Por su parte, la Junta nos solicitó la desestimación del recurso bajo el fundamento de que carecíamos de jurisdicción para entender en el mismo. Adujo que la recurrente no sólo omitió notificarle a una parte, sino que también lo hizo defectuosamente en cuanto a Philips Medical System, Inc., puesto que le notificó a una dirección incorrecta. Además, señaló que la recurrente notificó a Puerto Rico Sales & Medical Services cuatro (4) días después de que el término jurisdiccional para presentar el recurso de revisión expirara.
Hemos analizado el expediente del caso con detenimiento y surge del mismo que la notificación de la adjudicación de subasta contiene correctamente todas las advertencias que el ordenamiento jurídico requiere. Además, el aviso de adjudicación enumera todos los licitadores que asistieron a la subasta, incluyendo a Puerto Rico Sales & Medical Services. Es decir, que los términos para solicitar reconsideración o presentar un recurso de revisión judicial ante este Tribunal comenzaron a decursar el 26 de septiembre de 2003, fecha en que fue notificado el aviso de adjudicación que nos ocupa.
La recurrente contaba con cinco (5) días laborables para solicitar ante la Junta la reconsideración y así lo hizo el 6 de octubre de 2003. La Junta, a su vez, tenía hasta el 20 de octubre de 2003 para considerarla. Como no lo hizo dentro de esa fecha, se entiende que la solicitud de reconsideración fue rechazada de plano provocando que el término para acudir en revisión judicial comenzara a decursar en esa misma fecha y expirara el 10 de noviembre de 2003. Aunque la recurrida presentó el recurso en la secretaría de este Tribunal el 7 de noviembre de 2003, o sea dentro del término jurisdiccional de veinte (20) días, no cumplió cabalmente con el requisito de notificación a las partes. Surge del expediente que la notificación a Puerto Rico Sales & Medical Services se hizo el 14 de noviembre de 2003, cuatro (4) días después de que el término expirara.
El requisito de notificarle los recursos de revisión judicial a todas las partes dentro del término provisto para la presentación de los mismos es de carácter jurisdiccional. Es decir, que el incumplimiento con este requisito tiene como consecuencia inmediata el privamos de jurisdicción para entender en los méritos del caso. En este caso, no tenemos una alternativa que no sea la desestimación del recurso por encontrarnos sin jurisdicción para resolverlo en los méritos.
IV
Por los fundamentos antes expuestos, desestimamos el recurso de revisión presentado.
*947 Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2004 DTA 40
1. Los licitadores infructuosos en el proceso de subasta son partes para los efectos de la revisión judicial de la determinación administrativa, por lo que si se incurre en la omisión de notificación del recurso de revisión a los demás licitadores, quedará privado de jurisdicción el foro apelativo. Estos licitadores infructuosos conservan un interés real en la controversia Constructora I. Meléndez, S. E. v. Junta de Subastas, 146 D.P.R. 743, 749 (1998).