ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| TRANSPORTE RODRÍGUEZ ASFALTO INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS MUNICIPIO DE VILLALBA<br><br>Recurridos<br><br>A&M SOLUTIONS LLC<br>Licitador Agraciado-Recurrido | KLRA202400558 | *Revisión Administrativa*<br><br>Caso núm.: Subasta Núm. RFP #001 serie 2024-2025 y RFP #002 serie 2024-2025- servicios de asfalto y otros productos de repavimentación<br><br>Sobre: Impugnación de subasta municipal |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece la corporación Transporte Rodríguez Asfalto Inc. (Transporte Rodríguez; parte recurrente) mediante el recurso de epígrafe y nos solicita que dejemos sin efecto la *Notificación de la Junta de Subastas* (Notificación de Subasta)[1], emitida el 27 de septiembre de 2024 por la Junta de Subastas del Municipio de Villalba (Junta; recurrida) y notificada mediante correo certificado con acuse de recibo de 30 de septiembre de 2024.[2]

Adelantamos que se desestima el recurso de revisión judicial por falta de jurisdicción.

**I**

El 1 de julio de 2024, la Junta solicitó propuestas para la Subasta RFP #001 Serie 2024-2025 y RFP #002 Serie 2024-2025: Servicios de Asfalto y otros productos de Repavimentación.[3] Luego de culminado el término hasta el 31 de julio de 2024 para recibir las propuestas

---

[1] Apéndice 1 del recurso, págs. 12-14.
[2] *Id*, pág. 14
[3] *Id*., pág. 12.

Número Identificador
SEN2024_____

presentadas, la Junta emitió el 27 de septiembre de 2024 y notificó el 30 de septiembre de 2024, la Notificación de Subasta, en la cual se expone lo siguiente:

1. Los licitadores A & [M] Solutions LLC. y de Transporte Rodríguez Asfalto Inc., "presentaron propuestas en el término concedido"; y,
2. la Junta "evaluó cada una de las propuestas y tomó las siguientes determinaciones":

   a. Se descalifica al licitador Transporte Rodríguez Asfalto, Inc., por su historial de incumplimiento con las obligaciones con el Municipio de Villalba;
   b. se adjudica el RFP #001 Serie 2024-2025 Asfalto y otros productos de repavimentación al licitador A & M Solutions LLC; y,
   c. se adjudica el RFP #002 Serie 2024-2025 Asfalto y otros productos de repavimentación al licitador A & M Solutions LLC.[4]

Inconforme, Transporte Rodríguez acude ante nosotras y nos señala que la recurrida cometió el siguiente error:

Erró la Junta de Subasta del Municipio de Villalba al emitir una Notificación de la Junta de Subastas, defectuosa, atípica y contraria a derecho en relación a la Subasta RFP #001 Serie 2024-2025 y RFP #002 Serie 2024-2025 Servicios de Asfalto y otros productos de Repavimentación.

Conforme a lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este foro revisor puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho". 4 LPRA Ap. XXII-B, R. 7(B)(5). Ello así, eximimos a la Junta de presentar su alegato.

**II**

En Puerto Rico, "no existe legislación especial que regule los procedimientos de subasta dirigidos a la adquisición de bienes y servicios para las entidades gubernamentales". *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 993 (2009). De acuerdo con lo dispuesto en la Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 38-2017 (3 LPRA sec. 9601 *et seq.*), los procedimientos administrativos sobre adjudicación de subastas se considerarán procedimientos informales no

---

[4] *Id.*

cuasijudiciales y, por consiguiente, no están sujetos a lo dispuesto en la LPAU, salvo lo relacionado a la reconsideración y la revisión judicial. *Puerto Rico Eco Park v. Municipio de Yauco,* 202 DPR 525 (2019); *Caribbean Communications v. Pol. de P. R., supr*a, págs. 993-994; 3 LPRA secs. 9641 y 9659. La LPAU excluye de manera expresa a los municipios de su definición de "agencia" y por lo tanto a estos no les aplica las disposiciones de dicho estatuto. *Puerto Rico Eco Park v. Municipio de Yauco*, *supra*; 3 LPRA sec. 9603.

Las agencias gubernamentales tienen la facultad para adoptar las normas a cumplir en sus propios procedimientos de adjudicación de subastas y para establecer sus propios términos. *Puerto Rico Eco Park v. Municipio de Yauco, supra*, pág. 533 citando a *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 345 (2016); 3 LPRA sec. 9659. Es por ello, que las subastas municipales están reguladas por la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, Ley Núm. 81-1991, *21 LPRA sec. 4001 et seq.* (Ley de Municipios Autónomos) en conjunto con el Reglamento para la Administración Municipal, Reglamento Núm. 8873 de la Oficina del Comisionado de Asuntos Municipales, 19 de diciembre 2016 (Reglamento 8873). *Puerto Rico Eco Park v. Municipio de Yauco, supra,* págs. 533-534.

En lo pertinente, el Artículo 10.006 de la Ley de Municipios Autónomos, *supra,* dispone, sobre el proceso de adjudicación de subastas por los municipios, lo siguiente:

> La Junta [de Subastas] entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración, y otros.
>
> (a) Criterios de adjudicación. — **Cuando se trate de compras, construcción o suministros de servicios, <u>la Junta adjudicará a favor del postor razonable más bajo.</u> [...] La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o**

**servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.**

**La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.**

Tal adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. **La Junta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta.** Toda adjudicación tendrá que ser notificada a cada uno de los licitadores apercibiéndolos del término jurisdiccional de veinte (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones de conformidad con el Artículo 15.002 de esta Ley. (Énfasis nuestro.)

Cónsono con la Ley de Municipios, *supra,* la Sec. 13 del Capítulo III del Reglamento 8873, *supra,* dispone, en lo pertinente, sobre el aviso de adjudicación de subastas lo siguiente:

Sección 13: **Aviso de Adjudicación de Subastas**

[...]

(2) La decisión final de la Junta se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta. No se adelantará a licitador alguno, información oficial sobre los resultados de la adjudicación, hasta tanto la Junta le haya impartido su aprobación final.

**(3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:**
    a) nombre de los licitadores;
    b) síntesis de las propuestas sometidas;
    **c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;**
    d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;
    e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual

comenzará a transcurrir el término para impugnar
la subasta ante el Tribunal de Apelaciones.

[...] (Énfasis nuestro.)

En cuanto al requisito de la notificación de la adjudicación de una subasta municipal, se ha resuelto que es de rango constitucional y se requiere que sea una notificación fundamentada. *Pta. Arenas Concrete, Inc. v. J. Subastas*, 153 DPR 733, 740 (2001).[5] Es decir, **"[a]l requerir que se incluyan los fundamentos en la notificación, nos aseguramos de que los tribunales puedan revisar dichos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable"**. (Énfasis nuestro.) *Id.*, pág. 742. Se trata de un requisito que "cobra especial importancia en el caso de subastas públicas, ya que implican directamente el desembolso de fondos públicos". *Id.* Asimismo, se **hace efectivo el ejercicio del derecho a solicitar revisión judicial de las adjudicaciones de subasta y posibilita a los tribunales ejercer su función revisora"**. (Énfasis nuestro.) *Id.*, que cita a *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869, 879 (1999).

Sin embargo, se ha reiterado que "**las agencias gozan de una amplia discreción en la evaluación de las propuestas sometidas ante su consideración"** pues estas poseen de **"una vasta experiencia y especialización que la colocan en mejor posición que el foro judicial para seleccionar el postor que más convenga al interés público"**. (Énfasis nuestro.) *Caribbean Communications v. Pol. de P. R.*, *supra*, pág. 1006, que cita a *Accumail P.R. v. Junta Sub. A.A.A.,* 170 DPR 821 (2007). Sabido es que los procedimientos de subasta para la adquisición de bienes y servicios por las agencias del gobierno "están revestidos del más alto interés público y aspiran a promover la sana administración gubernamental". *Maranello et al. v. O.A.T.*, 186 DPR 780, 789 (2012), que cita a *Caribbean Communications v. Pol. De P.R.*, *supra*, pág. 994. Este

---

[5] Previamente se había pautado "que para que sea válida una notificación de adjudicación de una subasta de una agencia gubernamental, debe incluir los fundamentos en los que se basó la decisión tomada por la Junta de Subastas" y luego se extendió a las subastas celebradas por los municipios. *Pta. Arenas Concrete, Inc. v. J. Subastas*, *supra*, pág. 735, que cita a *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869 (1999).

procedimiento está creado para "evita[r] el favoritismo, la corrupción, la extravagancia y el descuido al otorgarse contratos". *Maranello et al. v. O.A.T.*, *supra*, que cita a *Aut. Carreteras v. CD Builders Inc.*, 177 DPR 398, 404 (2009).

Así pues, "[a]unque el gobierno debe procurar que las obras públicas se realicen al precio más bajo posible, existen otros criterios, además del precio, que tienen que ser evaluados" para adjudicar una subasta. *Maranello et al. v. O.A.T.*, *supra*, que cita a *C. Const. Corp. v. Mun. de Bayamón*, 115 DPR 559, 562-563 (1984). Algunos de los factores a considerar al adjudicar una subasta gubernamental incluyen "que las propuestas sean conforme a las especificaciones de la agencia, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, y su reputación e integridad comercial, entre otros factores." *Id.*; Art. 10.006 de la Ley de Municipios Autónomos, *supra.*

El Tribunal Supremo de Puerto Rico ha reiterado que forma parte del debido proceso de ley, el derecho a controvertir una determinación de una agencia administrativa mediante revisión judicial y, por tal razón, es indispensable y crucial que la notificación, efectuada a todas las partes cobijada por tal derecho, sea una adecuada. *Puerto Rico Eco Park v. Municipio de Yauco, supra*; *IM Winner, Inc. Mun. de Guayanilla*, e, 35 (2000). Las determinaciones de las agencias administrativas sobre adjudicaciones por parte de una Junta de Subastas deben ser notificadas de manera correcta y oportuna, toda vez que, "es un requisito *sine qua non* de un ordenado sistema cuasijudicial y su omisión puede conllevar grandes consecuencias". *Puerto Rico Eco Park v. Municipio de Yauco supra*; *IM Winner, Inc. Mun. de Guayanilla*, *supra*, pág. 37. **Es por ello, que una notificación defectuosa nos priva de ejercer nuestra función revisora para entender sobre el asunto impugnado.** (Énfasis nuestro.) *Id.*

**Por otra parte, debemos recalcar que un recurso presentado prematuramente, así como, uno tardío priva de jurisdicción al tribunal al que se recurra.** (Énfasis nuestro.) *Yumac Home v. Empresas Masso*, 194 DPR 96, 107 (2015). Es norma reiterada **"que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, viniendo obligados, incluso, a considerar dicho asunto aún en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio*"**. (Énfasis nuestro). *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 362 (2001) citando a *Vázquez v. A.R.PE.*, 128 DPR 513 (1991); *Martínez v. Junta de Planificación*, 109 DPR 839 (1980). **No podemos atribuirnos jurisdicción si no la tenemos,** así como tampoco las partes en un litigio nos la pueden otorgar. *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). **La ausencia de jurisdicción es, simplemente, insubsanable. *Id*. Por tanto, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso**. *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

**III**

En el recurso ante nuestra consideración, la parte recurrente señala que erró la Junta al notificar la buena pro de la subasta sin cumplir con las exigencias del debido proceso de ley ya que no fundamentó su decisión ni incluyó una síntesis de las propuestas de los licitadores. Ello constituye una notificación inadecuada y defectuosa pues obstaculiza el derecho de revisión de Transporte Rodríguez. Por tanto, dicha notificación no tiene efecto alguno por ser esta nula al no cumplir con los requisitos legales correspondientes. Evaluado el expediente ante nuestra consideración, conforme al derecho aplicable en el caso que nos ocupa, resolvemos que le asiste la razón a la parte recurrente. Veamos.

Surge del escrito titulado *Notificación de la Junta de Subastas* que la Junta expresó que descalificó a Transporte Rodríguez por su historial de incumplimiento de sus obligaciones con el Municipio de Villalba, según lo requerido por el Artículo 10.006 de la Ley de Municipios, *supra*, y la

Sec. 13 del Capítulo III del Reglamento 8873, *supra.* Sin embargo, **no fundamentó en torno a los motivos ni los factores por los cuales la oferta de la compañía A & M Solutions LLC, aun cuando era económicamente mayor que la de la recurrente, era la más beneficiosa para el interés público**. Por tanto**,** la Junta incumplió con el debido proceso de ley al no realizar una notificación adecuada. Esto, debido a que no cumple con el requisito establecido en el Artículo 10.006 de la Ley de Municipios, *supra.* Debemos reiterar que es norma reconocida que las agencias pueden tomar otros criterios en consideración fuera del criterio económico para la adjudicación de las subastas; sin embargo, esto no releva a la Junta de hacer constar en su notificación, la adjudicación esos criterios adicionales.

Por consiguiente, la notificación efectuada por la Junta es una defectuosa e incompleta que nos priva de ejercer nuestra función revisora y atender la controversia en sus méritos. Al efectuarse una notificación inadecuada e insuficiente, los términos para acudir ante el Tribunal de Apelciones no han comenzado a transcurrir.

**IV**

Por los fundamentos antes expuestos, se desestima el presente recurso de revisión judicial por falta de jurisdicción por prematuro. Se devuelve el caso a la Junta de Subastas del Municipio Autónomo de Villalba para que emita una notificación adecuada.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones