ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| LEARN AID, LLC<br><br>Parte Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Parte Recurrida<br><br><br>EDICIONES SANTILLANA, INC.; SM, IN.; GFS CREW LLC; PEARSONA PEM P.R. INC.; STEM REVOLUTION LLC<br>Partes con Interés | KLRA202300583 | *Revisión Administrativa* procedente de Decisión Administrativa sobre la Adjudicación RFP DEPU-UAF-22-010 del Departamento de Educación<br><br><br>Sobre:<br><br>Errores de la Oficina Central de Compras, Obligaciones y Adjudicación de Fondos del Departamento de Educación de Puerto Rico |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez.

Rivera Pérez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece la parte recurrente Learn Aid LLC (en adelante, Learn Aid o parte recurrente) mediante un recurso de *Revisión Judicial* y nos solicita la revisión del *Aviso de Adjudicación* emitido y notificado el 29 de septiembre de 2023 por la Oficina Central de Compras Obligaciones y Adjudicación de Fondos del Departamento de Educación (en adelante, DEPR). Mediante este dictamen, el DEPR adjudicó el RFP Núm. DEPR-UAF-22-010 a favor de Ediciones Santillana, Inc. y SM, Inc. Además, se descalificó la propuesta presentada por Learn Aid.

Por los fundamentos que expondremos, se desestima el presente recurso por falta de jurisdicción al haberse presentado de forma prematura.

**I**

El 3 de mayo de 2023, el DEPR publicó el RFP Núm. DEPR-UAF-22-010 Solicitud de Propuesta de Servicios Profesionales para el diseño y desarrollo de planes de enseñanza y herramientas curriculares, la organización e implementación de actividades de desarrollo profesional y la creación de vídeos instructivos (RFP).[1] Mediante esta convocatoria, el DEPR pretendía identificar proveedores de servicios profesionales para diseñar, desarrollar e implementar las actividades contempladas en el plan de trabajo «Recuperación de la pérdida de aprendizaje: herramientas para maestros y las familias» de la Secretaría Auxiliar de Servicios Académicos, el cual estaba sufragado con los fondos Elementary and Secondary School Emergency Relief Programs Governor's Emergency Education Relief Programs.

Las actividades por desarrollar en esta iniciativa se organizaron en dos categorías: Categoría 1. Planes de enseñanza; y Categoría 2. Herramientas curriculares. Los proponentes podían presentar propuestas para una sola categoría o para las dos. Las propuestas serían evaluadas cada una por separado basado en los criterios de evaluación identificados por el DEPR en la Sección VII del RFP.

El 9 de mayo de 2023, se celebró una reunión de orientación a través de la plataforma Microsoft Teams para las entidades interesadas en participar de la convocatoria; y se les concedió la oportunidad para someter por escrito las preguntas que tuvieran.[2] La fecha límite para la presentación de propuestas quedó establecida para el 30 de mayo de 2023, en o antes de las 4:30 p.m.[3]

---

[1] Apéndice del *Escrito de Revisión Judicial*, a la pág. 1.
[2] Apéndice del *Escrito de Revisión Judicial*, a la pág. 88.
[3] *Íd.*

Según surge del expediente, se recibieron las siguientes siete (7) propuestas dentro de la fecha y hora límite establecida en el RFP:[4]

| DEPR-UAF-22-010-001 | GFS CREW LLC | Categoría 1 y 2 |
|---|---|---|
| DEPR-UAF-22-010-002 | Pearson PEM PR | Categoría 1 y 2 |
| DEPR-UAF-22-010-003 | Ediciones Santillana Inc. | Categoría 1 y 2 |
| DEPR-UAF-22-010-004 | SM Inc. | Categoría 2 |
| DEPR-UAF-22-010-05 | STEM Revolución LLC | Categoría 1 y 2 |
| DEPR-UAF-22-010-06 | STEM Revolución LLC | Categoría 1 y 2 |
| DEPR-UAF-22-010-007 | Learn Aid, LLC | Categoría 2 |

A cada una de estas propuestas el Comité de Evaluación nombrado por el DEPR les realizó un proceso de cernimiento para determinar si cumplían con los requisitos de elegibilidad siguientes: "la entidad es elegible"; "incluye todos los documentos identificados como obligatorios"; y "atiende todos los requisitos mandatorios establecidos en la RFP".[5] Como resultado, se determinó que las siguientes cinco (5) propuestas cumplieron con los requisitos de elegibilidad:

1. DEPR-UAF-22-010-001 de GFS CREW LLC;

2. DEPR-UAF-22-010-002 de Pearson PEM PR;

3. DEPR-UAF-22-010-003 de Ediciones Santillana Inc.;

4. DEPR-UAF-22-010-004 de SM Inc; y

---

[4] *Íd.*

[5] Apéndice del *Escrito de Revisión Judicial*, a las págs. 88-89. En lo pertinente, entre las instrucciones generales del formato de la propuesta, en el RFP, se estableció lo siguiente:

"b. No debe utilizar papel timbrado o que tengan señales o marcas transparentes ("watermark") mostrando el nombre, símbolo o emblema de la entidad.

Las propuestas presentadas no deben identificar la entidad o institución en ninguna parte de la propuesta salvo en aquellas que así sea solicitado. El proponente se referirá en el contenido de la propuesta como "entidad" o "institución" según prefiera en lugar del nombre.

Toda propuesta que contenga información que identifique al proponente en el cuerpo de esta (ej., encabezado, referencia a personas o entidades, logos, nombre de la entidad como parte del correo electrónico, núm. de licitador, núm. de Registro de Comerciante, entre otros) podrá ser descalificada." Apéndice del *Escrito de Revisión Judicial*, a la pág. 23.

5. DEPR-UAF-22-010-007 de Learn Aid, LLC.[6]

Luego del proceso de cernimiento, las propuestas que cumplieron con los requisitos de elegibilidad pasaron a un proceso de evaluación en sus méritos, el cual se llevó a cabo tomando en consideración los criterios siguientes: Capacidad Financiera: solidez financiera (100%); y Evaluación Técnica: experiencia del proponente y del equipo de trabajo (30%); plan de servicio propuesto (45%); y presupuesto (25%).[7]

Luego de la evaluación financiera, se determinó que las siguientes tres (3) propuestas cumplieron con la puntuación mínima requerida para pasar a la evaluación técnica:

1. DEPR-UAF-22-010-003 de Ediciones Santillana Inc.;

2. DEPR-UAF-22-010-004 de SM Inc.; y

3. DEPR-UAF-22-010-007 de Learn Aid, LLC.[8]

Finalmente, luego de la evaluación técnica, el Comité Evaluador recomendó para selección las propuestas presentadas por Ediciones Santillana, Inc. para la Categoría 1 y SM, Inc. para la Categoría 2. Esta determinación se tomó a base de los resultados siguientes:

"(1) Para los servicios de la categoría 1, la propuesta número DEPR-UAF-22-010-003 de la entidad Ediciones Santillana obtuvo una puntuación de 100% en la propuesta presentada y un 85% de solidez financiera, por lo que ha sido recomendada para selección.

(2) En la categoría 2, la propuesta número DEPR-UAF-22-010-004, de la entidad SM Inc. obtuvo una puntuación de 100% en la propuesta presentada y un 72.50% de solidez financiera, por lo que ha sido recomendada para puntuación."[9]

El 29 de septiembre de 2023, el DEPR emitió y notificó el *Aviso de Adjudicación* recurrido, mediante el cual acogió los resultados del proceso de evaluación realizado por el Comité Evaluador nombrado

---

[6] Apéndice del *Escrito de Revisión Judicial*, a la pág. 89.
[7] Apéndice del *Escrito de Revisión Judicial*, a las págs. 89-90.
[8] Apéndice del *Escrito de Revisión Judicial*, a la pág. 90.
[9] Apéndice del *Escrito de Revisión Judicial*, a la pág. 90.

y, en consecuencia, adjudicó el RFP Núm. DEPR-UAF-22-010 a favor de Ediciones Santillana, Inc. en la Categoría 1 (planes de enseñanza) y SM, Inc. en la Categoría 2 (herramientas curriculares).[10]

En cuanto a la parte recurrente Learn Aid, en la nota al calce número 4 del *Aviso de Adjudicación*, se indicó lo siguiente:

> "Aunque la entidad pasó la fase de cernimiento, el comité encontró que el proponente incluyó el nombre de la entidad en documentos de la propuesta."[11]

Además, en el Anejo I del *Aviso de Adjudicación* "Tabla II. Resultados del Proceso de Evaluación RFP Núm. DEPR-UAF-22-010", se indicó lo siguiente:

> "Descalificada por el comité ya que, al realizar el análisis de la propuesta, el comité evaluador se percató de que en el curriculum vitae del presidente de la entidad, se incluyó información que identifica a éste con la compañía."[12]

Inconforme con la determinación del *Aviso de Adjudicación*, el 6 de octubre de 2023, Learn Aid presentó una *Solicitud de Reconsideración* ante el DEPR,[13] la cual dicha agencia debía considerar dentro de los diez (10) días laborables de haberse presentado.

Transcurrido este término sin que el DEPR tomara alguna acción con relación a la solicitud de reconsideración, Learn Aid acudió ante nos el 10 de noviembre de 2023 mediante el presente recurso de *Revisión Judicial*. En su escrito, Learn Aid señala la comisión de los errores siguientes:

> Erró la Oficina Central de Compras, Obligaciones y Adjudicación de Fondos a través de su Comité Evaluador al descualificar a la Parte Recurrente de forma arbitraria, caprichosa y mediante abuso de discreción, señalando la comisión de una falta inexistente.
>
> Erró la Oficina Central de Compras, Obligaciones y Adjudicación de Fondos a través de su Comité

---

[10] Apéndice del *Escrito de Revisión Judicial*, a las págs. 87-94.

[11] Apéndice del *Escrito de Revisión Judicial*, nota al calce 4 a la pág. 90.

[12] Apéndice del *Escrito de Revisión Judicial*, a la pág. 94.

[13] Apéndice del *Escrito de Revisión Judicial*, a las págs. 95-291.

Evaluador al aceptar una propuesta con documentos incongruentes y por no cumplir con las garantías del debido proceso de Ley.

Erró la Oficina Central de Compras, Obligaciones y Adjudicación de Fondos a través de su Comité Evaluador por falta de una notificación adecuada.

Learn Aid presentó a su vez una *Moción Urgente en Auxilio de Jurisdicción Solicitando Paralización de los Procedimientos en el Departamento de Educación en Relación con la Solicitud de Propuestas DEPR-UAG-22-010*. En atención a esta moción, emitimos y notificamos en esa misma fecha una *Resolución* ordenando la paralización de los procedimientos relacionados al RFP Núm. DEPR-UAF-22-010 ante el DEPR.

El 22 de noviembre de 2023, compareció Pearson PEM PR, Inc. mediante la presentación de un *Alegato de Parte Interesada Pearson PEM PR, Inc. en Solicitud de Revisión Judicial sobre Adjudicación de Subasta*. En síntesis, Pearson PEM PR, Inc. se unió a Learn Aid solicitando que se deje sin efecto el *Aviso de Adjudicación* y se ordene al DEPR llevar a cabo nuevamente el proceso de solicitud de propuestas del RFP Núm. DEPR-UAF-22-010.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, esta *Curia* puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho". Ante ello, prescindimos de la comparecencia de la parte recurrida.

**II**

**A.**

La subasta tradicional y el requerimiento de propuestas o RFP (*Request for Proposal*) son métodos mediante los cuales tanto el gobierno central como el municipal adquieren bienes y servicios. *R & B Power v. E.L.A.*, 170 DPR 606, 621 (2007). A través de ambos mecanismos se protegen los intereses del Gobierno, ya que procuran

conseguir "los precios más económicos; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994 (2009). Es evidente que, en la medida que haya pureza en estos procedimientos, los entes estatales y municipales promoverán la libre competencia entre los postores. *Id.*

A diferencia de las formalidades que requiere la subasta habitual, desde *R & B Power v. E.L.A.*, supra, el Tribunal Supremo de Puerto Rico ha indicado que el RFP se destaca por ser "un procedimiento informal y flexible que permite al oferente negociar con el gobierno central o municipal y enmendar o revisar las ofertas antes de la adjudicación de un contrato de adquisición de bienes y servicios". El uso del requerimiento de propuesta como método alterno a la subasta formal, es común "cuando se trata de bienes o servicios especializados que involucran aspectos altamente complejos o cuando existen escasos competidores cualificados". *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 345 (2016); *R & B Power v. E.L.A.*, *supra*, págs. 621-622.

Además, el Tribunal Supremo de Puerto Rico ha establecido que el RFP debe contener los parámetros que se utilizarán para la adjudicación del contrato. Es decir, los requerimientos, los términos y las condiciones, así como los factores que han de considerarse en la evaluación para la adjudicación de la subasta. *CD Builders v. Mun. Las Piedras, supra*, pág. 346; *R & B Power v. E.L.A.*, *supra*, pág. 622. Por la naturaleza informal y flexible de este mecanismo excepcional y la erogación de fondos públicos que implica, se exige que su utilización no se convierta en la norma como un escape a la competencia secreta de la subasta tradicional. *R & B Power v. E.L.A.*, *supra*, pág. 625.

Cabe destacar que, si bien "la subasta formal y el RFP son

distintos, no son totalmente incompatibles entre sí". *Caribbean Communications v. Pol. de P.R., supra*, pág. 998. Ello pues, se ha reconocido que un requerimiento de propuestas "participa de características adjudicativas de la misma forma que la subasta tradicional". *R & B Power v. E.L.A., supra*, pág. 624. Por ello, los oferentes o participantes de un RFP pueden cuestionar mediante revisión judicial la adjudicación de una propuesta de subasta. *Íd.* Por tanto, un RFP no está exento de revisión judicial, aunque la legislación no lo disponga. *Íd.*

Ahora bien, tal como en la subasta formal, no existe legislación que regule con uniformidad el método de requerimiento de propuestas o RFP. *CD Builders v. Mun. Las Piedras, supra*, pág. 346. Según la Ley Núm. 38-2017, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9601 *et seq.* (LPAU), ambos mecanismos se consideran informales no cuasi judiciales con excepción de las etapas de reconsideración y revisión judicial, que son objeto de regulación particular en la LPAU.[14] *Caribbean Communications v. Pol. de P.R., supra*, pág. 993-994; *R & B Power v. E.L.A., supra*, pág. 624-625. Significa que "las agencias gubernamentales tienen la facultad de aprobar un reglamento para establecer el procedimiento y las guías que se han de seguir en sus propias subastas". *CD Builders v. Mun. Las Piedras, supra*, pág. 346; *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 780 (2006); *LPC & D Inc. v. AC*, 149 DPR 869, 875 (1999).

El derecho a cuestionar una subasta adjudicada mediante revisión judicial es parte del debido proceso de ley y, por la misma razón, resulta indispensable que la notificación sea adecuada a todas las partes cobijadas por tal derecho. *IM Winner, Inc. v. Mun.*

---

[14] Véase, Secciones 3.1(2) y 3.19 de la LPAU.

*De Guayanilla,* 151 DPR 30, 33 (2000). Es necesario exigir que las decisiones de las agencias estén fundamentadas para que los tribunales revisores podamos cumplir con nuestra obligación. De esta manera, los tribunales aseguramos la efectividad del derecho a obtener una revisión judicial, cuyo propósito principal es delimitar la discreción de los organismos administrativos y cerciorarse de que estos desempeñen sus funciones conforme a la ley. *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 877-878 (1999). Del mismo modo, la parte adversamente afectada por la determinación de una agencia debe conocer los motivos que cimentan el proceder de la decisión administrativa. De lo contrario, el trámite de revisión judicial se convertiría en un ejercicio fútil. *Id.,* pág. 878.

A pesar de que no se exigen determinaciones de hecho y de derecho, en la adjudicación de procedimientos informales deben estar presentes las bases sobre las que descansa su decisión. De esta manera, las partes y el tribunal tendrán conocimiento de los fundamentos que propiciaron tal decisión. *Id.*, pág. 878. Por lo tanto, no basta con que la agencia informe la disponibilidad y el plazo para solicitar la reconsideración y la revisión. *Id.; RBR Const., S.E. v. A.C.,* 149 DPR 836, 854 (1999). El requerimiento de que se incluyan los fundamentos en la notificación asegura que los tribunales puedan revisar esos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable. Se ha señalado que ese aspecto cobra especial importancia en el caso de subastas públicas debido a que estas implican directamente el desembolso de fondos públicos. De no existir esta norma, el tribunal se vería en la necesidad de celebrar un juicio *de novo* cada vez que fuera a revisar las actuaciones de las agencias y los municipios, lo que sería sumamente ineficiente y promovería que esos organismos fundamentaran sus actuaciones *a posteriori. Pta. Arenas Concrete, Inc. v. J. Subastas*, 153 DPR 733, págs. 742-743, (2001).

En vista del derecho de revisión judicial que poseen los licitadores, se ha establecido que, con el fin de salvaguardar dicho derecho, la agencia de gobierno debe fundamentar su dictamen, aunque sea de forma sucinta. Esta exigencia surge a consecuencia de la aplicación de la cláusula del debido proceso de ley a este tipo de decisiones. Véase: *Transporte Rodríguez v. Jta de Subastas*, 194 DPR 711 (2016). Al respecto, el caso *L.P.C. & D., Inc. v. A.C.,* supra, detalla el mínimo de información que las agencias de gobierno deberán incluir en las notificaciones de las adjudicaciones de las subastas para cumplir con el debido proceso de ley, a saber: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *L.P.C. & D., Inc. v. A.C.*, supra, pág. 879. Cuando se incumple con estos requisitos, la notificación no es válida. *Pta. Arenas Concrete, Inc. v. J. Subastas*, supra, págs. 743-744.

**B.**

Como cuestión de umbral, sabemos que la jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí. *Pellot Arce v. Infosys BPM Limited Corp.,* 2023 TSPR 41, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022); *Metro Senior v. AFV,* 209 DPR 203 (2022); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Nuestro Tribunal Supremo ha dispuesto que los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción donde no la ostentan. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007)*; Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012).

Ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012). Por ser las cuestiones de jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso por cualquiera de las instancias que a continuación reseñamos:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.
>
> [...]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente. 4 LPRA Ap. XXII-B, R. 83.

Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable. *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012).

Un recurso tardío, al igual que uno prematuro, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre, por lo que debe ser desestimado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo. *Íd.* Un recurso

prematuro es aquel que se presenta en la Secretaría de un tribunal apelativo antes del momento en que este adquiere jurisdicción para entender en el caso. *Torres Martínez v. Torres Ghigliotty*, supra, a las págs. 98-99.

**III**

En su recurso de *Revisión Judicial*, Learn Aid señala como primer error que el DEPR, a través del Comité de Evaluación, erró "al descualificar a la Parte Recurrente de forma arbitraria, caprichosa y mediante abuso de discreción, señalando la comisión de una falta inexistente"; "al aceptar una propuesta con documentos incongruentes y por no cumplir con las garantías del debido proceso de Ley; y "por falta de una notificación adecuada". Al respecto, en síntesis, Learn Aid alega que el DEPR, a través del Comité de Evaluación, erró al determinar que el documento que se presentó como el resumé de su presidente contenía información que identificaba a la entidad proponente; al no descalificar a Ediciones Santillana, Inc. y SM, Inc. en el proceso de cernimiento a pesar de que sus propuestas sí incluían resumés, así como otros documentos (en el caso de Ediciones Santillana, Inc.), que los identificaba de forma directa e inequívoca; al aceptar la propuesta de SM, Inc. a pesar de que incluía documentos con fecha posterior a la fecha límite para presentar las propuestas; al no evaluar las propuesta durante el proceso de evaluación en sus méritos de forma independiente, imparcial, y confidencial; y al no notificar adecuadamente su determinación incumpliendo así con el debido proceso de ley.

Con relación a este último señalamiento, Learn Aid sostiene que el *Aviso de Adjudicación* emitido por el DEPR no contiene una síntesis de las propuestas presentadas; no especifica las puntuaciones otorgadas para cada uno de los criterios de evaluación por separado; y no expone los fundamentos en que se basa la

decisión, pues no especifica en qué parte o de qué forma, en el resumé de su presidente, se incluyó información que identificaba a la entidad proponente.

En efecto, luego de evaluar el *Aviso de Adjudicación* emitido por el DEPR a la luz del derecho expuesto, concluimos que la notificación de la adjudicación del RFP no cumplió con las exigencias mínimas del debido proceso de ley. En el caso particular de la parte aquí recurrente, la notificación de la descalificación resulta insuficiente al no estar debidamente fundamentada, lo que imposibilita el ejercicio de nuestra función revisora. No estamos en posición de poder revisar dichos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable.

Ante esta inobservancia, determinamos que la notificación del *Aviso de Adjudicación* emitido por el DEPR no cumplió con las garantías mínimas del debido proceso de ley y, por tanto, no han comenzado a correr los términos para solicitar revisión judicial. El DEPR deberá emitir un dictamen conforme a derecho, debidamente fundamentado, el cual deberá notificar a todos los licitadores. Únicamente de este modo, es que las partes perjudicadas podrán defenderse propiamente y podremos revisar adecuadamente la controversia en sus méritos.

**IV**

Por los fundamentos expuestos, se desestima el presente recurso por falta de jurisdicción al haberse presentado de forma prematura al ser la notificación defectuosa.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones