ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **SONNELL TRANSIT SERVICE, LLC.**<br><br>Recurrente<br><br>v.<br><br>**JUNTA DE SUBASTAS DEL MUNICIPIO DE JUANA DÍAZ**<br><br>Recurrido<br><br>**GÓMEZ BUS LINE, INC.**<br><br>Licitador agraciado | KLRA202500312 | **REVISIÓN** procedente de la Junta de Subastas del Municipio de Juana Díaz<br><br>Caso Núm: RFP-2023-2024-023<br><br>Sobre: |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2025.

Comparece ante nosotros, Sonnell Transit Service, LLC (Sonnell o parte recurrente) e impugna la adjudicación de la subasta número RFP-2023-2024-023 sobre servicios de alquiler de vehículos de transporte colectivo, notificada el 23 de mayo de 2025 por la Junta de Subastas del Municipio de Juana Díaz (Junta de Subastas o parte recurrida).

Ahora bien, a poco examinar el dictamen recurrido, nos percatamos que, por segunda ocasión, la Junta de Subastas no cumplió con las obligaciones que el debido proceso de ley exige para toda notificación de adjudicación de subasta. En vista de ello, una vez más, nos vemos precisados a devolver el caso a la Junta de Subastas para que dicho organismo emita y notifique su dictamen, a tenor con los requisitos legales correspondientes.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

**I.**

El 9 de abril de 2024, el Municipio de Juana Díaz (Municipio) publicó un *Aviso de Subasta* Núm. RFP-2023-2024-023 para la contratación de servicios de alquiler de vehículos de transporte colectivo. En el RFP se solicitaron propuestas para tres tipos de autobuses, a saber:

1. Rental of Paratransit Vans with Ramp (8 or 11 Passengers Capacity and Driver, with at least one space for wheelchair)

2. Rental of Micro Bus Shuttle with Ramp (14 or 16 Passengers Capacity and Driver, with at least one space for wheelchair)

3. Rental of Mini Bus Shuttle with Ramp (20 or 24 Passengers Capacity and Driver, with at least two spaces for wheelchair)

Los siguientes licitadores sometieron sus respectivas propuestas: Sonnell y Gómez Bus Line, Inc. (Gómez Bus Line). Luego de analizar las propuestas presentadas y considerando el mayor beneficio y conveniencia para el Municipio, la Junta de Subastas, mediante *Notificación de Adjudicación* de 6 de febrero de 2025, determinó adjudicar de forma compartida la subasta en cuestión. La adjudicación la resumió de la siguiente manera: un (1) vehículo Paratransit Van (10-11 pasajeros) a favor de Sonnell y dos (2) Mini Bus Shuttle (20-24 pasajeros) a favor de Gómez Bus Line.

Inconforme, Sonnell acudió ante este Foro mediante el recurso de revisión judicial KLRA202500100. En aquella ocasión, se revocó el dictamen administrativo impugnado por resultar inoficioso y se devolvió el asunto a la Junta de Subastas del Municipio de Juana Díaz para que diera cumplimiento con los preceptos legales correspondientes y notificara una nueva adjudicación. En específico, se estableció que la Junta de Subastas no incluyó un resumen fehaciente de las propuestas de cada licitador, ni abundó sobre puntuaciones o el análisis para contrastar las propuestas de cada licitador y los fundamentos para no adjudicar ciertos renglones

a favor de los licitadores participantes. Además, se dictaminó que de la notificación de la Junta de Subastas no surgían los fundamentos que sostuvieran la adjudicación de un (1) vehículo a Sonnell y dos (2) vehículos a Gómez Bus Line.

Así las cosas, el 23 de mayo de 2025, la Junta de Subastas emitió un nuevo dictamen en el cual resaltó que, de manera no intencional, en la notificación previa de la adjudicación de la subasta, no se incluyeron las puntuaciones obtenidas por los licitadores, ni el resumen de costos por renglón. Por ende, procedió a incluir en su nueva determinación el siguiente resumen, así como las puntuaciones obtenidas por los licitadores:

| Compañía | Tipo de Vehículo | Costo Mensual por Alquiler |
|---|---|---|
| Sonnell Transit Service, LLC | • Paratránsito (8 a 11 pasajeros) <br> • Micro-Guagua (14 a 16 pasajeros) <br> • Mini-Guagua (20 a 24 pasajeros) | $7,977.00 <br><br> $8,977.00 <br><br> $9,977.00 |
| Gómez Bus Line, Inc. | • Paratránsito (8 a 11 pasajeros) <br> • Micro-Guagua (14 a 16 pasajeros) <br> • Mini-Guagua (20 a 24 pasajeros) | $4,500.00 <br><br> $5,000.00 <br><br> $5,500.00 |

| Compañía | Criterio de Evaluación | Puntuación Obtenida |
|---|---|---|
| Gómez Bus Line, Inc. <br><br> (30 a 60 días) | Evaluación Técnica (30) <br> Cualificaciones (30) <br> Tiempo de Entrega (20) <br> Costo (20) <br><br> Total (100) | 24 <br> 25 <br> 18 <br> 18 <br><br> 85 |
| Sonnell Transit Service, LLC <br><br> (5 a 180 días) | Evaluación Técnica (30) <br> Cualificaciones (30) <br> Tiempo de Entrega (20) <br> Costo (20) <br><br> Total (100) | 29 <br> 29 <br> 13 <br> 10 <br><br> 81 |

En la notificación de adjudicación que hoy atendemos, la Junta de Subastas expresó que, aunque el resultado de la evaluación apuntaba a Gómez Bus Line como el único agraciado de la subasta para los tres (3) renglones, decidió realizar una

adjudicación compartida en aquel entonces, dándole oportunidad a ambas compañías licitadoras. No obstante, esbozó que los miembros de la Junta de Subastas reevaluaron dicha decisión y esta vez determinó adjudicar la totalidad de la subasta, entiéndase dos (2) Paratransit Van y dos (2) Mini Bus Shuttle, a Gómez Bus Line por un costo de $360,000.00.[2]

La Junta de Subastas coligió que la propuesta de Gómez Bus Line representa el mayor beneficio y conveniencia para el Municipio de Juana Díaz. Añadió que el licitador agraciado cumplió con los requisitos solicitados en la subasta, obtuvo la puntuación más alta como resultado de la evaluación y presentó los costos más bajos. De otro lado, precisó que no adjudicó la subasta a Sonnell porque incluyó en su propuesta alegaciones relacionadas a las facturas que representaban una limitación para el Municipio y ponía en riesgo el servicio de transportación. Además, expuso que el mencionado proponente resultó en la segunda posición en puntuación y costos.

En desacuerdo con la decisión emitida, Sonnell recurre ante nos y en su escrito plantea que el ente administrativo cometió los siguientes errores:

> Erró la Junta de Subastas al emitir una notificación de adjudicación defectuosa y por consiguiente nula, y por establecer en los pliegos RFP-2023-2024-023 un sistema de puntos, sin definir los criterios para otorgar los mismos o sin una leyenda o guía de cómo los mismos serían adjudicados. Como corolario de ello, el aviso de adjudicación no explica la forma o manera en que los puntos le fueron adjudicados a cada licitador.

> Erró la Junta de Subastas al adjudicarle la *buena pro* a GBL, a pesar de que este debió ser descalificado al incumplir con múltiples especificaciones y requerimientos esenciales, no siendo un licitador responsivo.

Junto a su recurso, Sonnell instó una *Urgente Moción en Auxilio de Jurisdicción*, con el propósito de que paralizáramos los

---

[2] La Junta de Subastas hizo la salvedad de que, aunque el tiempo de alquiler de las unidades contempla un mínimo de 18 meses, dicho número podría incrementar, según fuera necesario.

procedimientos ante la Junta de Subastas hasta que resolviéramos el recurso de epígrafe. El 29 de mayo de 2025, emitimos *Resolución*, mediante la cual concedimos un término para que la parte recurrida se expresara en cuanto a la moción en auxilio de jurisdicción. Ello no ocurrió.

De acuerdo con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho". Así, prescindimos de la comparecencia de la parte recurrida.

## II.

En el caso de los municipios, la subasta tradicional y el requerimiento de propuestas (*Request for Proposal*) realizada por la Junta de Subastas se encuentran gobernados por la Ley Núm. 107 del 14 de agosto de 2020, conocida como el *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001 *et seq.*, según enmendada, (Ley Núm. 107-2020)[3] y el *Reglamento para la Administración Municipal de 2016* (Reglamento Núm. 8873)[4]. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525 (2019). El derecho de revisión judicial que poseen los licitadores se encuentra de igual manera regulado por dichos cuerpos normativos y la jurisprudencia interpretativa.

En lo concerniente al asunto ante nuestra consideración, el Artículo 2.040(a) de la Ley Núm. 107-2020, relacionado a las funciones y deberes de la Junta de Subastas, dispone que:

[...]

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto

---

[3] Antes Ley Núm. 81-1991, según enmendada, conocida como la *Ley de Municipios Autónomos de Puerto Rico,* 21 LPRA sec. 4001 *et seq.*

[4] Reglamento Núm. 8873 del 19 de diciembre de 2016 de la Oficina del Comisionado de Asuntos Municipales, conocido como Reglamento para la Administración Municipal de 2016.

por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta. Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.[5]

21 LPRA sec. 7216.[6]

Por otro lado, el Reglamento Núm. 8873 detalla la información requerida en cada aviso de adjudicación de subasta o requerimiento de propuesta; a saber:

Sección 13: Aviso de Adjudicación de Subastas

(3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:

a) nombre de los licitadores;

**b) síntesis de las propuestas sometidas;**

**c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;**

d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;

e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

---

[5] La Ley Núm. 23-2023, añadió un inciso (f) al Artículo 1.050 de la Ley Núm. 107-2020. En lo que nos atañe, dicho inciso expone:

[...]

El Tribunal de Apelaciones revisará el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en autos de la copia de la notificación y a partir de que fecha comenzará a transcurrir el término. La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio.

[6] Resulta pertinente señalar que la Ley Núm. 170 del 30 de diciembre de 2020 enmendó los incisos (a) y (e)(7) del Art. 2.040 de la Ley Núm. 107-2020, con el propósito de añadir como opción la notificación vía correo electrónico.

Parte II, Secc. 13(3) del Reglamento Núm. 8873, *supra.* (Énfasis nuestro).

En *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 537, el Tribunal Supremo de Puerto Rico expresó que,

… **[P]ara que la notificación de adjudicación de la Junta de Subastas sea adecuada, esta tiene que cumplir con varios requisitos de carácter jurisdiccional**. Esto es, la notificación de la adjudicación de la Junta de Subastas solo será correcta si: (1) es por escrito; (2) es enviada a los licitadores por correo regular y certificado con acuse; (3) advierte a los participantes el derecho a solicitar la revisión judicial ante el Tribunal de Apelaciones; (4) indica que el término de diez días para ir en alzada es de carácter jurisdiccional; (5) señala, además, dos fechas fundamentales, a saber: (i) la del archivo en auto de la copia de la notificación de adjudicación y (ii) la relacionada con el depósito de la notificación en el correo y que a partir de esta última es que se activa el plazo para acudir al Tribunal de Apelaciones. (Énfasis nuestro).[7]

Conforme con el Art. 1.050 del Código Municipal y con la Sec. 13 del Reglamento Núm. 8873, la fecha a partir de la cual comenzará a transcurrir el término para presentar un recurso de revisión judicial tiene que constar explícitamente en la notificación de la adjudicación. *PR Eco Park et al. v. Mun. de Yauco,* supra, págs. 537-538.

De otra parte, para que un tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de una decisión de una agencia sea efectivo**, es imprescindible exigir que ella esté fundamentada, aunque sea de forma sumaria.** *Puerto Rico Asphalt v. Junta,* 203 DPR 734 (2019) (Sentencia), citando a *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 877–888 (1999) (Énfasis nuestro). Además, una notificación fundamentada permite que los tribunales puedan "revisar efectivamente los fundamentos para determinar si la determinación

---

[7] Es ineludible consignar que a partir de ese instante se activa el plazo jurisdiccional de diez días para solicitar la revisión judicial al foro apelativo intermedio. *PR Eco Park et al. v. Mun. de Yauco,* supra*,* pág. 538.

de la junta ha sido arbitraria, caprichosa o irrazonable", más aún en el caso de subastas públicas, en virtud de las cuales se desembolsan fondos públicos. *L.P.C. & D., Inc. v. A.C.*, supra, a la pág. 879.

En armonía con lo anterior, recordemos que el derecho a cuestionar una subasta adjudicada es parte del debido proceso de ley. Por tanto, resulta indispensable que la notificación sea apropiada a todas las partes que les asiste tal derecho. La correcta y oportuna notificación de una adjudicación de una Junta de Subastas es un requisito *sine qua non* de un ordenado sistema *cuasijudicial*. Su omisión puede conllevar graves consecuencias.

**III.**

En el caso ante nuestra consideración, la Junta de Subastas le adjudicó la *buena pro* a Gómez Bus Line. Discutiremos con carácter prioritario el señalamiento de error levantado por Sonnell.

En su escrito, Sonnell arguye que la notificación de la adjudicación emitida por la Junta de Subastas del Municipio de Juana Díaz el 23 de mayo de 2025 resulta, una vez más, defectuosa, al no explicar los fundamentos que dieron lugar a la puntuación asignada a cada licitador en atención a los criterios establecidos en el Pliego del RFP. Añade que en el aludido Pliego del RFP se incluyó un apéndice que provee una tabla de ejemplo de cómo se haría la evaluación tomando en consideración los criterios establecidos, pero este no detalla cómo se adjudicarían o restarían los puntos del 0 al 20 o del 0 al 30 respectivamente, según el renglón aplicable. Además, arguye que la falta de una leyenda de los criterios utilizados para la adjudicación de puntos y de los elementos no taxativos que podían considerarse o no para la puntuación, convierte la adjudicación concernida en una arbitraria, caprichosa y sin garantías de confiabilidad.

De otro lado, Sonnell aduce que la Junta de Subastas no explicó el análisis de la firma de asesores que evaluó las propuestas, lo que le impide al licitador no agraciado poder cuestionar, con conocimiento de causa, las razones por las cuales se llegó a dicha determinación. Precisa que ello no coloca a este foro revisor en posición de evaluar adecuadamente la decisión administrativa.

Analizado el expediente ante nuestra consideración, colegimos que procede la revocación de la adjudicación de la subasta de referencia por falta en el contenido de la notificación. La Junta de Subastas del Municipio de Juana Díaz no fundamentó la adjudicación de la subasta al licitador agraciado correctamente. *Puerto Rico Asphalt v. Junta*, supra; *L.P.C. & D., Inc. v. A.C.*, supra.

Aunque en la adjudicación notificada el 23 de mayo de 2025 la Junta de Subastas incluyó parte del contenido requerido por nuestro ordenamiento jurídico, según instruido por este Tribunal mediante *Sentencia* dictada el 24 de febrero de 2025 en el caso KLRA202500100, aún existen deficiencias fundamentales que inciden sobre nuestra función apelativa.

Del expediente se desprende que la adjudicación concernida hace alusión a la totalidad de los puntos obtenidos por los licitadores, pero no surge algún desglose de cómo estos fueron adjudicados. Nótese que en el Pliego de Solicitud de Propuestas RFP-2023-2024-023, Anejo C, se incluyó una tabla con los criterios a evaluarse y las puntuaciones por renglón.

Sin embargo, la Junta de Subastas no discutió los criterios generales de adjudicación al licitador agraciado, los cuales, a su vez, incluían varios sub-factores, entiéndase, evaluación técnica (diseño del producto y su desempeño, reputación del licitador y su desempeño y calendario de entrega); costos propuestos y metodología de evaluación. Ello, en atención a lo establecido en el Pliego de Solicitud de Propuestas RFP-2023-2024-023. Tampoco

explicó por qué decidió variar su primera determinación de adjudicación compartida y solo otorgar la *buena pro* a Gómez Bus Line. En suma, la Junta de Subastas quebrantó la orden de este Tribunal de abundar sobre puntuaciones o incluir en la decisión un análisis que contrastara las propuestas de cada licitador.

Como vemos, el incumplimiento por parte de la Junta de Subastas provocó que, de nuevo, la notificación emitida no se pueda considerar como una adecuada, válida y efectiva, pues para ello resultaba indispensable que se plasmara toda la información que nuestro estado de derecho requiere.

Debido a la inobservancia de los postulados que gobiernan el asunto ante nuestra consideración, nos vemos precisados a revocar la determinación. Devolvemos el caso a la Junta de Subastas del Municipio de Juana Díaz para que emita un dictamen que se atempere a todos los requerimientos instituidos por nuestro ordenamiento jurídico y lo notifique nuevamente a los licitadores.

Ante lo enunciado, invitamos a la Junta de Subastas a que, al momento de pronunciar una nueva notificación de adjudicación de subasta, lo haga en estricto cumplimiento con los requisitos que establece la ley y la jurisprudencia aplicable, conforme con el debido proceso de ley. Llama la atención la recurrencia de la adjudicación de la subasta de manera errónea. Esta acción ocasiona gastos significativos para los licitadores perdidosos y más aún, para el erario.

La conclusión a la que hoy arribamos torna innecesaria la discusión del segundo señalamiento de error.

**IV.**

Por los fundamentos antes expuestos, revocamos la determinación recurrida y devolvemos el caso a la Junta de Subastas del Municipio de Juana Díaz para que actúe conforme lo

aquí resuelto. Se declara *No Ha Lugar* la *Urgente Moción en Auxilio de Jurisdicción* instada por Sonnell.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones