ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ROTANN GROUP, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTONOMO DE ARROYO; MUNICIPIO AUTONOMO DE ARROYO<br><br>Recurrida<br><br>SUPER ASPHALT PAVEMENT CORP.; PUERTO RICO ASPHALT LLC.; A & M SOLUTIONS LLC.; BERRIOS CONSTRACTOR & ASPHALT, INC.<br><br>Partes con Interés | **TA2025RA00029** | *REVISIÓN ADMINISTRATIVA* procedente del Municipio Autónomo de Arroyo<br><br>Sobre: Subasta General Núm. 2 (SERIE 2024-2025), RENGLÓN #8 "Especificaciones para el Suministro de Asfalto Regado y Compactado en zona Rural y Urbana y Tomado en Planta" |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### **SENTENCIA**

En San Juan, Puerto Rico, a 11 de agosto de 2025.

Comparece ante este foro Rotann Group, LLC (Rotann o "parte recurrente") y nos solicita que revisemos la *Notificación de Adjudicación* emitida por la Junta de Subasta del Municipio Autónomo de Arroyo (Junta o "parte recurrida), notificada el 17 de junio de 2025. Mediante el referido dictamen, la Junta adjudicó la Subasta General Núm. 2 (Serie 2024-2025), Renglón Núm. 8: "Especificaciones para el suministro de asfalto regado y compactado en zona rural y urbana y tomado en planta" a las empresas Super Asphalt Pavement Corp. y Puerto Rico Asphalt LLC.

Por los fundamentos que expondremos a continuación **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción.

**I.**

El 14 de abril de 2025, fue publicado el *Aviso de Subasta* Núm. 2 (Serie 2024-2025) para el Municipio de Arroyo (Municipio) con el interés de adquirir un *Suministro de Asfalto Regado y Compactado en Zona Rural y Urbana y Tomo en Planta*.[1]

En aras de competir en la referida subasta, los siguientes (5) licitadores presentaron propuestas: Super Asphalt Pavement Corp., Puerto Rico Asphalt LLC, A&M Solutions LLC, Rotann Group LLC, y Berríos Constractor & Asphalt, Inc.

Luego de celebrado el acto de apertura de la subasta y entrega de propuestas, el 17 de junio de 2025, la Junta emitió la *Notificación Adjudicación Renglón #8 "Especificaciones para el Suministro de Asfalto Regado y Compactado en Zona Rural y Urbana y Tomado en Planta"* – *Subasta General Núm. 2 (Serie 2024-2025) Regirá para Año Fiscal 2025- 2026*.[2] Culminado el proceso de evaluación de la propuesta, la Junta determinó adjudicar la subasta a las siguientes compañías: Super Asphalt Pavement Corp., y a Puerto Rico Asphalt LLC. Asimismo, la Junta concluyó lo siguiente:

> [p]ara tomar esta terminación la Junta de Subastas observó que la diferencia en precios entre los (2) dos mejores postores no es significativa y tomando en consideración la cantidad de proyectos que se estima que se realizarán durante el año fiscal 2025-2026, la Junta de Subastas entiende y por experiencia previa, que (1) un licitador no es suficiente para realizar los proyectos en el periodo estipulado.

[1] *Aviso Subasta Periódico*, apéndice 1 en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC).
[2] *Notificación de Adjudicación*, apéndice 2 en SUMAC.

Inconforme, el 27 de junio de 2025, Rotann presentó el recurso de epígrafe y planteó los siguientes señalamientos de error:

ERRÓ LA HONORABLE JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE ARROYO AL APLICAR INCORRECTAMENTE EL PORCENTAJE DE PREFERENCIA CORRESPONDIENTE A LAS OFERTAS DE LOS CONTRATISTAS BENEFICIADOS POR ESA LEY.

ERRÓ LA HONORABLE JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE ARROYO AL NO NOTIFICAR LAS RAZONES PARA NO ADJUDICAR A LOS LICITADORES PERDIDOSOS.

El 8 de julio de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término dispuesto en nuestro Reglamento, según enmendado, 2025 TSPR 42, para que presentara su alegato.

El 17 de julio de 2025, la parte recurrida presentó su *Oposicion a Solicitud de Revisión*.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver la controversia.

**II.**

**-A-**

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.*, dispone sobre el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida Ley, como la jurisprudencia aplicable, establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable. *T-JAC, Inc. v. Caguas Centrum Limited*, 148 DPR 70, 80 (1999).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo v. Yiyi Motors, Motors*, 161 DPR 69, 76 (2004). Conforme a lo cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. de San Juan v. CRIM,* 178 DPR 164, 175 (2010). Por lo tanto, la revisión judicial de una determinación administrativa se circunscribe a determinar si: (a) el remedio concedido por la agencia fue apropiado; (b) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y (c) si las conclusiones de derecho del ente administrativo fueron correctas, ello mediante una revisión completa y absoluta. Secc. 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675. Véase, además: *Torres Rivera v. Policía de PR,* 196 DPR 606, 626-627 (2016).

Por otra parte, nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar la deferencia a las determinaciones administrativas. En específico, ha expresado que la deferencia cederá cuando: (a) la decisión no está basada en evidencia sustancial; (b) el organismo administrativo ha errado en la aplicación de la ley, y (c) ha mediado una actuación irrazonable o ilegal. *Acarón, et al v. DRNA,* 186 DPR 564, 584 (2012); *Marina Costa Azul v. Comisión,* supra.

De otra parte, nuestro Tribunal Supremo en *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025), adoptó el razonamiento del Tribunal Supremo

Federal en *Loper Bright Enterprises et al., v. Raimondo*, 603 US 369 (2024), 144 S.Ct. 2444, al contemplar la función que ha de asumir el foro judicial ante la revisión de las determinaciones administrativas. El Tribunal Supremo de Puerto Rico indicó que los jueces tienen un mandato legislativo de revisar las actuaciones administrativas, el cual se debe cumplir cabalmente. *Vázquez v. Consejo de Titulares*, supra. Añadió que, aunque en reiteradas ocasiones ha expresado que las conclusiones e interpretaciones de las agencias merecen gran deferencia y que su revisión judicial se limita a determinar si estas actuaron arbitraria o ilegalmente, no obstante, no equivale a una renuncia de nuestra función revisora. Por ello, concluyó que:

> […] la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. Así, enfatizamos la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, supra. Como corolario, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática a la que alude el DACo, sino que por los mecanismos interpretativos propios del Poder Judicial. *Íd*.

-B-

Las subastas gubernamentales están revestidas de un gran interés público y deben regirse por preceptos legales que promuevan la sana administración pública. *Caribbean Communications v. Policía de PR*, 176 DPR 978, 994 (2009). Esto es así, pues las adjudicaciones de las subastas gubernamentales suponen el desembolso de fondos del erario, valor jurídico de la mayor importancia. *Íd*. Asimismo, la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso

de adjudicación de subastas debe ser el interés público en proteger los fondos del Pueblo de Puerto Rico. *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007); *Caribbean Communications v. Policía de PR,* supra. En este sentido, la buena administración de un gobierno conlleva realizar sus funciones como comprador con eficacia, honestidad y corrección para proteger los intereses y el dinero del pueblo que representa. *Cordero Vélez v. Municipio de Guánica*, supra, pág. 245.

Conforme a lo anterior, se debe perseguir la competencia libre y transparente entre el mayor número de licitadores posible, procurando conseguir los precios más económicos, evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento. *Caribbean Communications v. Policía de PR,* supra; *Empresas Toledo v. Junta de Subastas,* 168 DPR 771, 778-779 (2006). Cuando se cumplen dichos objetivos, no se atenta contra la confianza pública que dicho proceso reviste. *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 351 (2016). Por tanto, en aras de proteger el interés público, se hace imperativa la aplicación rigurosa de todas las normas pertinentes a la contratación y desembolso de los fondos públicos. *De Jesús González v. AC*, 148 DPR 255, 267-268 (1999).

Los procedimientos de subastas de las agencias o entidades gubernamentales se rigen por las normas adoptadas por sus propias agencias. *ECA General Contractors, Inc. v. Municipio*, 200 DPR 665, 673 (2018). Es decir, queda a la discreción de cada agencia, como entidad con el conocimiento especializado, aprobar un reglamento que establezca el procedimiento y las guías

a seguir en sus propias subastas. *AEE v. Maxon*, 163 DPR 434, 440 (2004).

La Junta de Subastas de la agencia o municipio goza de amplia discreción en la evaluación de las propuestas sometidas ante su consideración. *Caribbean Communications v. Policía de PR,* supra, pág. 1006; *Accumail PR v. Junta Sub. AAA*, 170 DPR 821, 828-829 (2007). Además, "[l]a agencia, con su vasta experiencia y especialización, se encuentra, de ordinario, en mejor posición que [el tribunal] para determinar el mejor licitador tomando en consideración los factores esgrimidos tanto por la ley como su Reglamento de Subastas". *Empresas Toledo v. Junta de Subastas*, supra, pág.779, citando a *AEE v. Maxon*, supra, pág. 444.

A tenor, una vez se adjudique la buena pro, los tribunales no deben sustituir el criterio de la agencia o junta concernida, a menos que se demuestre que la decisión se tomó de forma arbitraria o caprichosa, o que medió fraude o mala fe. *Caribbean Communications v. Policía de PR,* supra, pág. 1006; *Torres Prods. v. Mun. Aguadilla,* 169 DPR 886, 898 (2007). La determinación de la agencia será sostenida si cumple con el criterio de razonabilidad. *Caribbean Communications v. Pol. de PR,* supra, pág. 1006; *Accumail PR v. Junta Sub. AAA,* supra, pág. 829.

Consideraciones de orden público, como los servicios o productos técnicos, la probabilidad de realizar la obra de manera más eficiente y dentro del tiempo acordado, y los materiales, entre otros, que ofrezca un postor cuya propuesta no es la más económica pueden llevar a la agencia a seleccionarlo si ello corresponde a sus mejores intereses. *Caribbean*

*Communications v. Policía de PR*, supra, pág. 1007; *Empresas Toledo v. Junta de Subastas*, supra, pág. 779. En este sentido, la agencia está facultada para rechazar la oferta más baja siempre que su determinación sea razonable. *Íd.*

Es decir, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Policía de PR,* supra, pág. 1006; *Costa Azul v. Comisión*, 170 DPR 847 (2007).

Nuestro Tribunal Supremo ha determinado que, para poder realizar la revisión judicial de los procesos de subasta, se exige que la agencia exponga una explicación de las bases sobre las que descansa su decisión, de forma tal que el tribunal tenga fundamentos para hacer su determinación. *LPC & D, Inc. v. AC*, 149 DPR 869, 878 (1999). Esto es, aun cuando no se exige determinaciones de hechos y de derecho en la adjudicación de procedimientos informales, deben mediar razones suficientes que pongan en conocimiento a las partes y al tribunal de los fundamentos que propiciaron tal decisión. *Íd.*

Cónsono con lo anterior, el Artículo 2.040(a) del Código Municipal de Puerto Rico, 21 LPRA sec. 7216, estipula lo siguiente:

> [l]a Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al

interés público que justifican tal adjudicación.

De igual manera, el aludido artículo consagra que la Junta de Subastas deberá notificarles a los licitadores no agraciados **"las razones por las cuales no se le adjudicó la subasta"**. (Énfasis nuestro). *Íd.* A su vez, el Capítulo VIII, Parte II, Sección 13(3) del *Reglamento para la Administración Municipal de 2016*, Reglamento Núm. 8873 del 19 de diciembre de 2016, establece la información que deberá contener la notificación de adjudicación o determinación final de la Junta, la cual deben enviar a todos los licitadores, a saber:

a) nombre de los licitadores;
b) **síntesis de las propuestas sometidas;**
c) **factores o criterios que se tomaron en cuenta para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos;**
d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final […];
e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones. (Énfasis nuestro).

### III.

En el caso de autos, Rottan plantea dos señalamientos de error. No obstante, solo entraremos a discutir el segundo señalamiento de error, puesto que, incide sobre nuestra facultad revisora. En esencia, la parte recurrente alega que incidió la Junta al no notificar las razones para no adjudicar a los licitadores perdidosos. Sostiene que, dicha deficiencia constituye una notificación inadecuada, impidiendo que el licitador afectado conozca las razones de la adjudicación y así poder ejercer una revisión judicial efectiva.

Por su parte, la Junta esboza que observaron la diferencia en precios, y que, por su experiencia, un solo licitador no era suficiente para realizar el proyecto, por lo que, seleccionaron a dos compañías. Así pues, realizaron la adjudicación "tomando los mejores intereses del Municipio de Arroyo."

Conforme a la normativa antes expuesta, la Junta debe notificarles a los licitadores no agraciados las razones por las cuales no se les adjudicó la subasta. EL Capítulo VIII, Parte II, Sección 13(3) del Reglamento Núm. 8873, *supra*, dispone que una determinación final debe contener: (1) el nombre de los licitadores; (2) una síntesis de las propuestas sometidas; (3) los factores o criterios que se tomaron en consideración para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos; (4) el derecho a solicitar revisión judicial; y (5) la fecha de archivo en auto de la notificación.

Evaluado el recurso ante nuestra consideración, surge que el *Aviso de Adjudicación* no cumple con varios de los requisitos exigidos por ley. Entre ellos, carece de una síntesis del contenido de las propuestas sometidas, incluir una tabla comparativa de los productos y precios, no satisface el requisito. Asimismo, del contenido en la notificación no surge que la Junta haya hecho constar por escrito las razones beneficiosas al interés público que justifiquen la adjudicación a un licitador cuya oferta no fue la más baja. Se limitó a señalar que la propuesta del licitador responsivo, calidad, precisión, conformidad, cumplimiento de la información sometida, y en el mejor

interés del Municipio, además de la diferencia en los precios, fue la razón para adjudicar la subasta.

De otra parte, incumplió al no exponer los factores o criterios para no adjudicar la subasta a los licitadores perdidosos. El omitir los defectos o razones para no adjudicar la subasta a Rotann Group LLC y a las otras empresas, limita la capacidad que tendrían estas para ejercer sus derechos de forma informada, y así tener una razón justificada sobre la adjudicación de subasta realizada.

Por consiguiente, la *Notificación de Adjudicación* emitida por la Junta fue defectuosa e inadecuada, privando a este Foro de su jurisdicción.

## IV.

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe, por falta de jurisdicción, debido a su presentación prematura.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones